# United States Court of Appeals
## For the First Circuit

No. 13-2432

PETER HEINZ KAUFMANN,

Petitioner,

v.

ERIC H. HOLDER, JR., Attorney General of the United States,

Respondent.

PETITION FOR REVIEW OF AN ORDER
OF THE BOARD OF IMMIGRATION APPEALS

Before

Lynch, <u>Chief Judge</u>,
Torruella and Thompson, <u>Circuit Judges</u>.

<u>Justin Conlon</u> on brief for petitioner.
<u>Karen L. Melnik</u>, Trial Attorney, Office of Immigration Litigation, <u>Stuart F. Delery</u>, Assistant Attorney General, Civil Division, and <u>Douglas E. Ginsburg</u>, Assistant Director, on brief for respondent.

July 14, 2014

**LYNCH, <u>Chief Judge</u>**.  Petitioner Peter Heinz Kaufmann, a native of Germany, was convicted under Connecticut law for possession of child pornography.  This had immigration consequences.  The Board of Immigration Appeals ("BIA") found him removable under 8 U.S.C. §§ 1101(a)(43)(I) and 1227(a)(2)(A)(iii).  He petitions for review, arguing that his admission in the state proceeding to having images of children "having sex" is insufficient to bring him within the federal statute's definition of an aggravated felony of child pornography because the relevant state law of conviction encompasses other conduct.  His argument is meritless, and we deny the petition for review.

I.

Petitioner, born in Germany in 1948, lawfully entered the United States in 1959.  In 1999, petitioner downloaded child pornography onto his computer, paying for the images with a credit card.  In 2002, Connecticut police officers armed with a search warrant entered petitioner's house and found at least five pornographic images involving known minors on petitioner's computer.

Petitioner pleaded guilty to state charges of possession of child pornography under Connecticut law on November 22, 2004.  During the plea colloquy, the prosecutor explained to the judge that petitioner had admitted that the images were of "children having sex and it came from Russia."  Petitioner was given a

suspended sentence of five years along with ten years of probation. Petitioner does not deny making the admission.

On April 8, 2013, the Department of Homeland Security ("DHS"), based on the Connecticut conviction, charged petitioner with removability under 8 U.S.C. § 1227(a)(2)(A)(iii), which provides that "[a]ny alien who is convicted of an aggravated felony at any time after admission is deportable."  See also 8 U.S.C. § 1101(a)(43)(A), (I).

In an oral decision on June 4, 2013, an Immigration Judge ("IJ") found that petitioner was removable as an aggravated felon and ordered his deportation to Germany.  Petitioner appealed to the BIA, which dismissed the appeal and affirmed the order of removal on October 17, 2013.  This petition for review followed.

## II.

Ordinarily, courts lack jurisdiction to review the BIA's finding that an alien is removable on the basis of having committed a criminal offense.  See 8 U.S.C. § 1252(a)(2)(C).  However, we retain jurisdiction to review constitutional claims or questions of law raised in such a case.  See id. § 1252(a)(2)(D).  This petition for review presents a single question of law, so we have jurisdiction to address only that question.

We review the BIA's legal conclusion de novo, granting some deference to its reasonable interpretation of the statutes and regulations within its purview.  See Liu v. Holder, 714 F.3d 56, 59

-3-

(1st Cir. 2013).   Because the BIA "conducted an independent evaluation of the record and rested its decision on a self-generated rationale," our review is focused on the BIA's decision rather than the IJ's.  Gonzalez v. Holder, 673 F.3d 35, 38 (1st Cir. 2012) (quoting Zheng v. Holder, 570 F.3d 438, 440 (1st Cir. 2009)) (internal quotation mark omitted).

The BIA concluded that petitioner was removable for having been convicted of an aggravated felony of child pornography as described in 18 U.S.C. §§ 2251, 2251A, or 2252.[1]  See 8 U.S.C. § 1101(a)(43)(I).  Those provisions, in relevant part, outlaw the possession of "any visual depiction . . . of a minor engaging in sexually explicit conduct."  18 U.S.C. § 2252.  "Sexually explicit conduct" is defined as "graphic sexual intercourse," "bestiality," "masturbation," "sadistic or masochistic abuse," or "exhibition of the genitals or pubic area of any person."  Id. § 2256(2).  The BIA concluded that petitioner's conviction necessarily fell within that definition.

The Connecticut statute under which petitioner was convicted criminalized the knowing possession of child pornography.[2]  It defined child pornography as "any material

---

[1]  The BIA did not reach the IJ's separate conclusion that petitioner's same conviction would also qualify as an aggravated felony under 8 U.S.C. § 1101(a)(43)(A) as "sexual abuse of a minor."

[2]  The statute was amended after petitioner's indictment but before his conviction.  He was tried and convicted under the old

-4-

involving . . . photographic or other visual reproduction of a live performance which depicts a minor in a prohibited sexual act." Conn. Gen. Stat. § 53a-193(13) (2003). "Prohibited sexual act," in turn, was defined as "erotic fondling, nude performance, sexual excitement, sado-masochistic abuse, masturbation or sexual intercourse." Id. § 53a-193(3). Petitioner focuses on the definition of "erotic fondling," as "touching a person's clothed or unclothed genitals, pubic area, buttocks, or if such person is a female, breast." Id. § 53a-193(5). His argument is that this fondling of clothed areas makes the Connecticut statute broader than the federal statute. Specifically, the Connecticut statute criminalizes possession of depictions involving touching of a minor's clothed buttocks or female breasts, while the federal statute does not. From this he says the government did not meet its burden of showing the state conviction fell under the federal statute.

Ordinarily, we use a "categorical approach" to determine whether a state conviction fits within the federal definition for purposes of the Immigration and Nationality Act. See Campbell v. Holder, 698 F.3d 29, 34 (1st Cir. 2012). Under that approach, we examine whether the elements of the state crime of conviction

---

version of the statute, which was operative at the time he committed the crime.

necessarily indicate that the elements of the federal crime were present.  See Taylor v. United States, 495 U.S. 575, 600-01 (1990).

However, when a statute is divisible into multiple offenses or theories of liability, some of which satisfy the definition under the federal statute and some of which do not, we apply a "modified categorical approach."  Descamps v. United States, 133 S. Ct. 2276, 2283-84 (2013).  Under the modified categorical approach, we may look to the record of conviction to determine whether the petitioner was convicted under one of the provisions that does satisfy the federal definition.  See Patel v. Holder, 707 F.3d 77, 80-81 (1st Cir. 2013).  When using this approach, we will find that a state conviction fits the federal definition only if the record shows as much through "necessary" inferences; merely "reasonable" inferences are insufficient.  Id. at 82-83 (quoting Renteria-Morales v. Mukasey, 551 F.3d 1076, 1085 (9th Cir. 2008)) (internal quotation marks omitted).  Petitioner argues that the government's inference is no more than reasonable.

We may appropriately review the transcript of the plea colloquy.  See Shepard v. United States, 544 U.S. 13, 16 (2005). That is the source of petitioner's admission that the images portrayed children "having sex."

Petitioner argues that the term "having sex" is ambiguous, and that the BIA could not necessarily conclude that his conviction fits within the definition found in 8 U.S.C.

§ 1101(a)(43)(I).  Petitioner supports his argument with multiple social science studies concluding that people ascribe a range of meanings to the term "sex" or "have sex."

Petitioner's argument misses the point.  The fact that a term may carry multiple meanings does not render it meaningless.[3] His real and equally fallacious argument is that the admission that the children photographed were "having sex" could reasonably mean he was convicted under the clothed sexual fondling part of the statute.  But no reasonable person would ascribe that meaning to the term "have sex."  Further, none of the social science sources petitioner relies on support that definition.

Since the plea colloquy established that the pictures showed children "having sex," the BIA correctly concluded that it necessarily established as well that the conviction did not fall outside the scope of the federal statute, 8 U.S.C. § 1101(a)(43)(I).  Petitioner is removable.  The petition for review is <u>denied</u>.

---

[3]  The term "vehicle" in the context of theft laws, for instance, may be subject to reasonable disagreement with respect to some things (for example, would a non-motorized scooter qualify?), but it is entirely clear as to others (for example, a car is a vehicle, and a suitcase is not).  The fact that it is unclear whether a scooter is a vehicle does not change the fact that a suitcase is not one.  Cf. <u>Massachusetts</u> v. <u>U.S. Dep't of Transp.</u>, 93 F.3d 890, 893-94, 896-97 (D.C. Cir. 1996) (explaining that statutory ambiguities "may be unclear in only one direction," and concluding that even though statute was arguably ambiguous, it nonetheless could not have the meaning the agency ascribed to it).