*Flores v. Holder*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

August Term 2014

(Argued:     December 5, 2014        Decided:     February 26, 2015)

Docket No. 12-2406

EDSON FLORES,

*Petitioner*,

v.

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,

*Respondent*.

ON APPEAL FROM THE BOARD OF IMMIGRATION APPEALS

Before:

SACK, LYNCH, and CHIN, *Circuit Judges*.

Petition for review of an order of the Board of Immigration Appeals,

which affirmed an Immigration Judge's denial of petitioner's motion to continue

and his application for asylum, withholding of removal, and relief under the

Convention Against Torture. We hold that the agency (1) abused its discretion in denying the motion to continue because it failed to apply the correct legal standard, (2) erred in its application of the modified categorical approach to determine whether petitioner's convictions for first-degree sexual abuse under New York law constituted aggravated felonies relating to the sexual abuse of a minor, and (3) did not err in concluding that petitioner had been convicted of a particularly serious crime.

GRANTED IN PART, DENIED IN PART, AND REMANDED.

---

JOHN W. CERRETA, Day Pitney LLP, Hartford, Connecticut, *for Petitioner*.

ERICA MILES (Stuart F. Delery, Allen W. Hausman, Brooke M. Maurer, *on the brief*), Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., *for Respondent*.

---

CHIN, *Circuit Judge*:

Petitioner Edson Flores, a native and citizen of Honduras, seeks review of a May 22, 2012 order of the Board of Immigration Appeals ("BIA"), affirming a January 6, 2012 decision of an Immigration Judge ("IJ"). The agency denied Flores's motion to continue removal proceedings, which Flores had filed

to pursue adjustment of status on the basis of two family-based visa petitions. The agency also found that Flores was ineligible for asylum because his convictions for first-degree sexual abuse, in violation of N.Y. Penal Law § 130.65, were aggravated felonies relating to the sexual abuse of a minor, as defined in the Immigration and Nationality Act ("INA") § 101(a)(43)(A) (codified at 8 U.S.C. § 1101(a)(43)(A)), and also because they were particularly serious crimes.

For the reasons set forth below, we hold that the agency erred in denying the continuance request and in determining that the sexual abuse offenses were aggravated felonies, but that the agency did not err in concluding that the offenses were particularly serious crimes.

## STATEMENT OF THE CASE

Flores, a native and citizen of Honduras, entered the United States without inspection in 1991. He married a U.S. citizen and raised a family in the United States. In 2009, he was convicted, pursuant to a jury verdict, of two counts of first-degree sexual abuse in violation of N.Y. Penal Law § 130.65. He was sentenced to forty-two months' imprisonment and was subsequently placed in removal proceedings and charged with removability under: (1) INA § 212(a)(6)(A)(i) (codified at 8 U.S.C. § 1182(a)(6)(A)(i)), for being present in the United States without being admitted or paroled; and (2) INA § 212(a)(2)(A)(i)(I)

-3-

(codified at 8 U.S.C. § 1182(a)(2)(A)(i)(I)), for having been convicted of crimes involving moral turpitude.

Flores appeared, *pro se*, before an IJ. After several continuances, Flores eventually conceded his removability under INA § 212(a)(6)(A)(i) for entering the United States without inspection. He requested a further continuance to pursue adjustment of status, in conjunction with a waiver of inadmissibility under INA § 212(h) (codified at 8 U.S.C. § 1182(h)), based on two visa petitions filed with U.S. Citizenship and Immigration Services ("CIS"). The first was an approved I-130 Petition for Alien Relative filed by his U.S.-citizen sister in 2001; the second was an I-130 Petition for Alien Relative filed by his U.S.-citizen wife in 2010. Flores also moved to terminate his proceedings and applied for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), based on his fear of gangs in Honduras.

The IJ declined to further continue proceedings and, at the conclusion of a 2012 merits hearing, denied all relief in an oral decision and ordered Flores removed. *See In re Edson Flores*, No. A095 051 190 (Immig. Ct. Batavia, NY Jan. 6, 2012). Initially, the IJ found that Flores was removable under INA § 212(a)(6)(A)(i), for entering the United States without inspection, and under § 212(a)(2)(A)(i)(I), for having been convicted of two crimes involving

moral turpitude. He therefore denied Flores's motion to terminate proceedings. In addition, the IJ determined that Flores was ineligible for adjustment of status because he did not have a current priority date for his sister's approved I-130 Petition and his wife's I-130 Petition had not been adjudicated. The IJ also concluded that Flores was statutorily barred from asylum and withholding of removal because his convictions under N.Y. Penal Law § 130.65 were aggravated felonies, relating to the sexual abuse of a minor under INA § 101(a)(43)(A), and were also particularly serious crimes. In determining that Flores's convictions were aggravated felonies, the IJ reasoned that § 130.65 is divisible and the record of conviction established that Flores placed his hand on the genital area of a victim under eleven years old. Alternatively, the IJ found that Flores failed to meet his burden of demonstrating eligibility for asylum and withholding of removal. Lastly, the IJ denied deferral of removal under CAT, concluding that Flores failed to show that he would likely be tortured in Honduras.

Flores appealed. In a May 22, 2012 order, the BIA dismissed the appeal. *In re Edson Flores*, No. A095 051 190 (B.I.A. May 22, 2012), *aff'g* No. A095 051 190 (Immig. Ct. Batavia, NY Jan. 6, 2012). The BIA agreed that Flores's convictions under N.Y. Penal Law § 130.65 were aggravated felonies and particularly serious crimes. It also found that the IJ did not err in denying

-5-

Flores's motion to continue because Flores did not submit any evidence showing that his wife's I-130 Petition had been approved and he was ineligible for a § 212(h) waiver as a result of his aggravated felony convictions. Because Flores conceded his removability for entering the United States without inspection, the BIA declined to consider whether his convictions under N.Y. Penal Law § 130.65 were crimes of moral turpitude that rendered him removable under INA § 212(a)(2)(A)(i)(I). The BIA also declined to consider the IJ's alternative denial of asylum and withholding of removal on the merits. Flores did not contest the IJ's denial of relief under CAT on appeal.

This petition for review followed.

### DISCUSSION

We review the IJ's decision as modified by the BIA, *i.e.*, minus the bases for denying relief that the BIA expressly declined to consider. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005).[1]

---

[1] At oral argument, the government asserted that we lack jurisdiction over the petition due to Flores's aggravated felony convictions. Pursuant to 8 U.S.C. § 1252(a)(2)(C), "no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed," *inter alia*, an aggravated felony. Flores was not, however, found removable for having committed an aggravated felony. *See, e.g., Yousefi v. INS*, 260 F.3d 318, 325 (4th Cir. 2001) (per curiam) (observing that § 1252(a)(2)(C)'s jurisdiction-stripping provision applies only where "the alien's aggravated felony was actually the basis, or one of the bases, of the final order of deportation"). Moreover, even if § 1252(a)(2)(C)'s jurisdiction-stripping provision applies, we retain jurisdiction to review "constitutional claims" and "questions of law." 8 U.S.C. § 1252(a)(2)(D). We therefore have jurisdiction to review

**A.** *Motion to Continue*

We review the agency's denial of a continuance for abuse of discretion. *See Sanusi v. Gonzales*, 445 F.3d 193, 199 (2d Cir. 2006) (per curiam). Pursuant to 8 C.F.R. § 1003.29, an IJ "may grant a motion for continuance for good cause shown." The agency has identified the following factors in determining whether good cause exists to continue proceedings to await CIS's adjudication of a pending family-based visa petition: "(1) the [government's] response to the motion; (2) whether the underlying visa petition is prima facie approvable; (3) the [movant]'s statutory eligibility for adjustment of status; (4) whether the . . . application for adjustment merits a favorable exercise of discretion; and (5) the reason for the continuance and other procedural factors." *In re Hashmi*, 24 I. & N. Dec. 785, 790 (B.I.A. 2009).

We conclude that the agency abused its discretion by denying Flores's motion to continue without considering the factors articulated in *Hashmi*.

---

Flores's legal challenges that: (1) the agency failed to assess his continuance motion under the correct legal standard; (2) the agency erred in concluding that his convictions under N.Y. Penal Law § 130.65 were aggravated felonies; and (3) the agency erred in finding that his convictions under N.Y. Penal Law § 130.65 were particularly serious crimes. *See Nethagani v. Mukasey*, 532 F.3d 150, 154-55 (2d Cir. 2008) (observing that Court has jurisdiction to review BIA's finding that alien committed particularly serious crime); *Vargas-Sarmiento v. U.S. Dep't of Justice*, 448 F.3d 159, 164 (2d Cir. 2006) (noting that Court has jurisdiction to consider whether underlying conviction constitutes aggravated felony); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006) (observing that argument that BIA abused discretion by applying wrong legal standard raises question of law).

*See Rajah v. Mukasey*, 544 F.3d 449, 453 (2d Cir. 2008) (observing that agency abuses its discretion in denying motion to continue where its decision "rests on an error of law" (internal quotation marks omitted)).  Although the "[a]djudication of a motion to continue should begin with the presumption . . . that discretion should be favorably exercised where a prima facie approvable visa petition and adjustment application have been submitted in the course of an ongoing removal hearing," *Hashmi*, 24 I. & N. Dec. at 790, neither the IJ nor the BIA assessed whether Flores's wife's I-130 Petition was prima facie approvable and, instead, considered whether Flores's wife's I-130 Petition had actually been approved.

The BIA further abused its discretion by finding that an aggravated felony conviction would bar Flores from § 212(h) relief.  Because Flores was not previously admitted to the United States as a lawful permanent resident, an aggravated felony conviction does not render him statutorily ineligible for relief under § 212(h).  *See Matter of Michel*, 21 I. & N. Dec. 1101, 1104 (B.I.A. 1998) ("Section 212(h) of the Act, while specifically precluding waiver eligibility for a lawful permanent resident who has been convicted of an aggravated felony, imposes no such restriction on one who has not been admitted previously as a lawful permanent resident.").  The BIA's error is particularly troubling because

-8-

the availability of a § 212(h) waiver was relevant to Flores's eligibility for adjustment of status and, "[w]hile all these factors may be relevant in a given case, the focus of the inquiry is the apparent ultimate likelihood of success on the adjustment application." *Hashmi*, 24 I. & N. Dec. at 790. Accordingly, we vacate the agency's denial of Flores's motion for a continuance and remand for consideration of Flores's motion under the correct legal standard.

**B.** *Aggravated Felony Determination*

An alien convicted of an "aggravated felony," which is defined to include the "sexual abuse of a minor," 8 U.S.C. § 1101(a)(43)(A), is ineligible for asylum. *Id.* § 1158(b)(2)(A)(ii), (B)(i). We employ a "categorical approach" to determine whether a state criminal conviction constitutes an aggravated felony under the INA. *Pascual v. Holder*, 707 F.3d 403, 405 (2d Cir. 2013) (per curiam). Under this approach, we look "to whether the state statute defining the crime of conviction categorically fits within the generic federal definition of a corresponding aggravated felony," *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1684 (2013), here, "sexual abuse of a minor" as defined in 18 U.S.C. § 3509(a)(8), *James v. Mukasey*, 522 F.3d 250, 254 (2d Cir. 2008) (citing *In re Rodriguez–Rodriguez,* 22 I. & N. Dec. 991, 995-96 (B.I.A. 1999)). "[T]he singular circumstances of an individual petitioner's crimes should not be considered, and only the minimum

criminal conduct necessary to sustain a conviction under a given statute is relevant." *Pascual*, 707 F.3d at 405 (internal quotations marks omitted).

If, however, the state criminal statute is "divisible," we apply a "modified categorical approach" to determine whether a given conviction constitutes an aggravated felony. *See Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013). The modified categorical approach permits review of the record of conviction for the "limited purpose of determining whether the alien's conviction was under the branch of the statute" constituting an aggravated felony. *Hoodho v. Holder*, 558 F.3d 184, 189 (2d Cir. 2009) (internal quotation marks omitted); *accord Descamps*, 133 S. Ct. at 2281.[2] In *Descamps*, the Supreme Court clarified that a statute is "divisible," and thus subject to the modified categorical approach, when it "lists multiple, alternative elements, and so effectively creates several different . . . crimes." 133 S. Ct. at 2285 (internal quotation marks omitted) (alteration in original). "[T]he modified approach merely helps implement the categorical approach"; it is not "an exception, but instead . . . a tool . . . [that functions] to identify, from among several alternatives, the crime of conviction so that the court can compare it to the generic offense." *Id*. Once the correct

---

² "The record of conviction includes, *inter alia,* the charging document, a plea agreement, a verdict or judgment of conviction, a record of the sentence, or a plea colloquy transcript." *Wala v. Mukasey*, 511 F.3d 102, 108 (2d Cir. 2008) (internal quotation marks omitted).

alternative is identified, the "focus" must return to the "elements, rather than the facts, of [the] crime." *Id.*

The government argues that the agency is not bound to follow *Descamps* because that case concerned application of the modified categorical approach in the criminal sentencing context. Instead, the government contends that, in the immigration context, application of the modified categorical approach is governed by *In re Lanferman*, 25 I. & N. Dec. 721, 728-29 (B.I.A. 2012), in which the BIA adopted a more expansive approach to "divisibility." We note that the BIA has since acknowledged that *Descamps,* rather than *Lanferman*, governs application of the modified categorical approach in the immigration context and that the BIA is "bound to apply divisibility consistently with the individual circuits' interpretation of divisibility under *Descamps*." *In re Chairez-Castrejon,* 26 I. & N. Dec. 349, 354 (B.I.A. 2014). In any event, we reject the government's contrary assertion in this case and join the First, Third, Ninth, and Eleventh Circuits in holding that application of the modified categorical approach in the immigration context is controlled by *Descamps. See, e.g., Kaufmann v. Holder*, 759 F.3d 6, 8-9 (1st Cir. 2014); *Aguilar-Turcios v. Holder*, 740 F.3d 1294, 1301-02 (9th Cir. 2014); *Donawa v. U.S. Attorney Gen.*, 735 F.3d 1275, 1280 n.3 (11th Cir. 2013); *Rojas v. Attorney Gen. of U.S.*, 728 F.3d 203, 216 n.12 (3d Cir. 2013) (en banc).

There is simply no basis for distinguishing *Descamps* on the ground that it arose in the sentencing context, "given that *Descamps* itself makes no distinction between the criminal and immigration contexts." *In re Chairez-Castrejon*, 26 I. & N. Dec. at 354; *see also Donawa*, 735 F.3d at 1280 n.3.

Turning to the case at bar, Flores was convicted of first-degree sexual abuse under N.Y. Penal Law § 130.65, which provides that:

> A person is guilty of sexual abuse in the first degree when he or she subjects another person to sexual contact:
>
> 1. By forcible compulsion; or
>
> 2. When the other person is incapable of consent by reason of being physically helpless; or
>
> 3. When the other person is less than eleven years old; or
>
> 4. When the other person is less than thirteen years old and the actor is twenty-one years old or older.

Because the statute "lists multiple, alternative elements," the agency properly concluded that it was divisible and consulted the record of conviction to determine that Flores was convicted under subsection three, for subjecting a person under eleven years old to sexual contact. *See Descamps*, 133 S. Ct. at 2285; *see also Hoodho*, 558 F.3d at 189. The agency subsequently erred, however, by consulting the record of conviction to determine that Flores's underlying conduct

-- the touching of his "hand to the genital area of th[e] victim" -- satisfied the generic definition of sexual abuse of a minor under 18 U.S.C. § 3509(a). *See Ming Lam Sui v. INS*, 250 F.3d 105, 117-18 (2d Cir. 2001) (noting that reviewing court "cannot go behind the offense as it was charged to reach [its] own determination as to whether the underlying facts amount to one of the enumerated crimes" (internal quotation marks omitted)). The agency was instead required to consider whether the minimum conduct necessary to violate N.Y. Penal Law § 130.65(3) was encompassed within 18 U.S.C. § 3509(a)'s definition of "sexual abuse." *See Descamps*, 133 S. Ct. at 2285; *Moncrieffe*, 133 S. Ct. at 1684 ("[W]e must presume that the conviction rested upon [nothing] more than the least of th[e] acts criminalized, and then determine whether even those acts are encompassed by the generic federal offense." (alterations in original)).

This error was not harmless because N.Y. Penal Law § 130.65 criminalizes "sexual contact," and we have observed that "it is by no means clear that admitting to 'sexual contact with a minor' *under New York law* would be enough to establish 'sexual abuse of a minor' under the INA." *James*, 522 F.3d at 258 (emphasis in original). Accordingly, we vacate the agency's aggravated felony determination and remand for proper application of the modified categorical approach. *See Gonzales v. Thomas*, 547 U.S. 183, 186-87 (2006) (per

curiam) (observing that agency should be given opportunity, in first instance, to make legal determinations entrusted to it by Congress).

Although, as discussed below, we find no error in the agency's alternative determination that Flores was ineligible for asylum because his convictions under N.Y. Penal Law § 130.65 were particularly serious crimes, the agency's erroneous application of the modified categorical approach was also not harmless in light of the potential impact of an aggravated felony determination on the availability of future relief and the exercise of discretion. *See, e.g.*, 8 U.S.C. § 1255(i) (listing eligibility requirements for adjustment of status); *see also id.* § 1229b(a)(3) (providing that an alien convicted of an aggravated felony is ineligible for cancellation of removal).

## C.    *Particularly Serious Crime Determination*

"The Immigration and Nationality Act bars the grant of asylum or withholding of removal to an alien whom the Attorney General 'determines' or 'decides' has 'been convicted by a final judgment of a particularly serious crime.'" *Nethagani v. Mukasey*, 532 F.3d 150, 152 (2d Cir. 2008) (quoting 8 U.S.C. §§ 1158(b)(2)(A)(ii) (asylum), 1231(b)(3)(B)(ii) (withholding of removal)). "The Attorney General (or his agents) may determine that a crime is particularly

serious . . . even though it is not an aggravated felony."  *Id.* at 156 (asylum); *see also Ahmetovic v. INS*, 62 F.3d 48, 52 (2d Cir. 1995) (withholding of removal).

Flores contends that the agency erred in finding that his convictions under N.Y. Penal Law § 130.65 were particularly serious crimes without independently analyzing whether he posed a danger to the community.  We have accorded *Chevron* deference, however, to the BIA's interpretation that no separate danger to the community analysis is required when determining whether a crime is particularly serious.  *See Nethagani*, 532 F.3d at 154 n.1 ("[T]he BIA has held that [an] alien [convicted of a particularly serious crime] necessarily constitutes 'a danger to the community of the United States.'  We have accepted the BIA's interpretation of the statute." (citing *Ahmetovic*, 62 F.3d at 52-53)).  Flores has therefore failed to demonstrate error in the agency's determination that he is ineligible for asylum and withholding of removal because his convictions under N.Y. Penal Law § 130.65 were particularly serious crimes.

## *CONCLUSION*

Based on the foregoing, the petition is GRANTED in part and DENIED in part.  Accordingly, we VACATE the decision of the BIA, and we REMAND for further proceedings consistent with this opinion.