14-2146-ag
*Abankwah v. Lynch*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of December, two thousand fifteen.

PRESENT:
>ROBERT D. SACK,
>DENNY CHIN,
>SUSAN L. CARNEY,
>>*Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ADELAIDE ABANKWAH, AKA Kuukuah Norman, AKA Regina Norman Danson,
>*Petitioner*,

>v.                                                                                            14-2146-ag

LORETTA E. LYNCH, United States Attorney General,
>*Respondent*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PETITIONER:                           RICHARD MANCINO, Alison Rose Levine, Willkie Farr & Gallagher, New York, New York.

FOR RESPONDENT:                          STEFANIE A. SVOREN-JAY, Trial Attorney,
                                         Office of Immigration Litigation, Benjamin C.
                                         Mizer, Acting Assistant Attorney General,
                                         Civil Division, John S. Hogan, Assistant
                                         Director, Office of Immigration Litigation,
                                         United States Department of Justice,
                                         Washington, D.C.

FOR AMICI CURIAE:                        Nancy Morawetz, Washington Square Legal
                                         Services, Immigrant Rights Clinic, for Amici
                                         Curiae Human Rights First, Immigrant
                                         Defense Project, National Immigration Project
                                         of the National Lawyers Guild, New York,
                                         New York.

**UPON DUE CONSIDERATION** of this petition for review of a Board of

Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED, AND**

**DECREED** that the petition for review is **DISMISSED** in part and **DENIED** in part.

Petitioner Adelaide Abankwah,[1] a native and citizen of Ghana, seeks

review of a May 20, 2014 decision of the BIA affirming a December 14, 2012 decision of

an Immigration Judge ("IJ") denying Abankwah's application for asylum, withholding

of removal, and relief under the Convention Against Torture ("CAT"). *In re Adelaide*

*Abankwah*, No. A074 881 776 (B.I.A. May 20, 2014), *aff'g* No. A074 881 776 (Immigr. Ct.

N.Y.C. Dec. 14, 2012). We assume the parties' familiarity with the underlying facts, the

procedural history of the case, and the issues on appeal.

---

[1]      Petitioner entered the country and applied for asylum under the name "Adelaide
Abankwah." Her real name apparently is Regina Norman Danson. We continue to refer to her
as Abankwah, as she has been referred to in all of these related proceedings.

2

We review the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). Because Abankwah does not challenge the agency's denial of CAT relief, we address only her eligibility for asylum and withholding of removal.

## A.    Timeliness of the Asylum Application

An asylum applicant must demonstrate "by clear and convincing evidence that the application has been filed within 1 year after the date of the alien's arrival in the United States." 8 U.S.C. § 1158(a)(2)(B). That deadline may be extended if the applicant demonstrates "either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application." *Id*. § 1158(a)(2)(D).

We lack jurisdiction to review the agency's finding that an applicant did not timely file her application, or that she failed to demonstrate changed or extraordinary circumstances excusing the untimeliness. *Id*. § 1158(a)(3). We retain jurisdiction to review constitutional claims and "questions of law." *Id*. § 1252(a)(2)(D). "[W]hen the petition for review essentially disputes the correctness of an IJ's fact-finding," it does not raise a question of law. *Xiao Ji Chen v. DOJ*, 471 F.3d 315, 329 (2d Cir. 2006). Abankwah does not dispute that her second asylum application was untimely; instead, she challenges the agency's determination that she did not demonstrate extraordinary circumstances excusing her late filing.

Abankwah's challenge, however, is merely to the IJ's factual determinations and exercise of discretion, which we lack jurisdiction to review. *See Joaquin-Porras v. Gonzales*, 435 F.3d 172, 180 (2d Cir. 2006); *Xiao Ji Chen*, 471 F.3d at 329. Abankwah's only legal argument is that the agency inappropriately applied a "heightened legal standard" in determining that she did not demonstrate extraordinary circumstances based on her post-traumatic stress disorder ("PTSD") diagnosis. Pet. Br. at 27.

The argument is without merit. The agency did not hold Abankwah to a "heightened legal standard." The IJ articulated and applied the standard for "extraordinary circumstances," under which the applicant must show that (1) "the circumstances were not intentionally created by the [applicant]"; (2) the "circumstances were directly related to the [applicant's] failure to file the application within the 1-year period"; and (3) "the delay was reasonable under the circumstances." 8 C.F.R. § 1208.4(a)(2)(i)(B), (a)(5). The IJ reasonably determined that while a serious illness like PTSD *may* constitute extraordinary circumstances, Abankwah's diagnosis standing alone did not establish that her seven-year delay in filing was reasonable. Accordingly, we lack jurisdiction to review Abankwah's extraordinary circumstances claim.

4

**B.      Withholding of Removal**

An alien is ineligible for withholding of removal if "the alien, having been convicted by a final judgment of a particularly serious crime is a danger to the community of the United States."  8 U.S.C. § 1231(b)(3)(B)(ii).  Certain aggravated felonies are *per se* particularly serious crimes.  *Id.* § 1231(b)(3)(B) (for purposes of withholding of removal, an aggravated felony "for which the alien has been sentenced to an aggregate term of imprisonment of at least 5 years" is a particularly serious crime).  Additionally, the agency may find that any crime, including a crime that is not an aggravated felony, is particularly serious.  *Nethagani v. Mukasey*, 532 F.3d 150, 155-57 (2d Cir. 2008).  Abankwah has not been convicted of a *per se* particularly serious crime because her term of imprisonment did not exceed five years.  8 U.S.C. § 1231(b)(3)(B).

The BIA has held that the determination of whether an individual poses a danger to the community is subsumed in the analysis of whether the crime is particularly serious; this Court has deferred to that holding under *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984).  *See Flores v. Holder*, 779 F.3d 159, 167 (2d Cir. 2015) ("We have accorded *Chevron* deference . . . to the BIA's interpretation that no separate danger to the community analysis is required when determining whether a crime is particularly serious."); *Nethagani*, 532 F.3d at 154 n.1 ("[T]he BIA has held that [an] alien [convicted of a particularly serious crime] necessarily constitutes 'a danger to the community of the United States.'  We have

5

accepted the BIA's interpretation of the statute." (citing *Ahmetovic v. INS*, 62 F.3d 48, 52-53 (2d Cir. 1995))). We are bound by these decisions "unless and until the precedents established therein are reversed *en banc* or by the Supreme Court." *United States v. Jass*, 569 F.3d 47, 58 (2d Cir. 2009). Accordingly, Abankwah's contention that the agency erred in not independently analyzing dangerousness fails as a matter of law.

Finally, we note that the agency conducted an individualized analysis, and reasonably concluded that Abankwah's perjury convictions were particularly serious. The IJ weighed the relevant factors and concluded that (1) perjury, though not violent, is very serious by nature and can be an aggravated felony; and (2) the circumstances and underlying facts of Abankwah's perjury convictions were particularly egregious, because she "concoct[ed] an elaborate story about [female genital mutilation]" and "perpetuated the false testimony at the BIA, the Second Circuit and in the public." *Abankwah*, No. A074 881 776, at 13 (Immig. Ct. N.Y.C. Dec. 14, 2012). The BIA agreed, stating that "[t]he applicant's extensive fraud on this nation's courts strikes at the heart of the country's immigration laws and undermines the integrity of the entire system." *Abankwah*, No. A074 881 776, at 3 (B.I.A. May 20, 2014). Both the IJ and the BIA engaged in a case-specific analysis, considered the totality of the circumstances, and reached a reasonable conclusion that her perjury convictions were particularly serious. Accordingly, the agency did not err in denying withholding of removal. *See Nethagani*, 532 F.3d at 154-55.

6

For the foregoing reasons, the petition for review is **DISMISSED** for lack of jurisdiction with respect to asylum, and **DENIED** in remaining part with respect to withholding of removal.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk