14-1103
Olano-Gonzalez v. Lynch

BIA
Cheng, IJ
A087 945 991

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of April, two thousand sixteen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge,*
> RICHARD C. WESLEY,
> DENNY CHIN,
> > *Circuit Judges.*

_____

JOSE MARIA OLANO-GONZALEZ,
> *Petitioner,*

> v.

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

14-1103
NAC

FOR PETITIONER:        Anne Pilsbury; Rebecca Press,
                       Central American Legal Assistance,
                       Brooklyn, New York.

FOR RESPONDENT:        Benjamin C. Mizer, Principal Deputy
                       Assistant Attorney General; Kohsei
                       Ugumori, Senior Litigation Counsel;

Jesse Busen, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jose Maria Olano-Gonzalez, a native and citizen of El Salvador, seeks review of a March 25, 2014 decision of the BIA affirming an August 28, 2012 decision of an Immigration Judge ("IJ") denying Olano-Gonzalez's application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Jose Maria Olano-Gonzalez,* No. A087 945 991 (B.I.A. Mar. 25, 2014), *aff'g* No. A087 945 991 (Immig. Ct. N.Y. City Aug. 28, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the IJ's decision as modified by the BIA. *See Flores v. Holder*, 779 F.3d 159, 163 (2d Cir. 2015). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

2

## I. Nexus

The agency denied withholding of removal, finding that Olano-Gonzalez failed to establish that his "life or freedom would be threatened" in El Salvador on account of a protected ground, specifically, his political opinion. 8 U.S.C. § 1231(b)(3)(A). The protected ground must be "one central reason for" the claimed persecution. 8 U.S.C. §§ 1158(b)(1)(B)(i) (setting "one central reason" standard for asylum); 1231(b)(3)(C) (applying asylum standard to withholding of removal). In support of his claim that the BIA erred, Olano-Gonzalez argues that the MS-13 gang, which threatened him before he came to the United States, is, in effect, a surrogate government in El Salvador. Thus, according to Olano-Gonzalez, when he began cooperating with the police after MS-13 kidnapped his nephew to extract a ransom, MS-13 viewed his conduct as a challenge to its power, and the escalation of the threats against him was retaliation for what MS-13 perceived to be Olano-Gonzalez's anti-gang political opinion.

Although we agree "that an imputed political opinion, whether correctly or incorrectly attributed, can constitute a

ground of political persecution," *Chun Gao v. Gonzales*, 424 F.3d 122, 129 (2d Cir. 2005) (quoting *Alvarez-Flores v. INS*, 909 F.2d 1, 4 (1st Cir. 1990)), the agency did not err in ruling that Olano-Gonzalez failed to show that MS-13 was or will be motivated by what it perceives to be Olano-Gonzalez's political opinion.  Instead, the agency reasonably concluded that the evidence showed that MS-13 was motivated only by a desire to obtain ransom money.  Olano-Gonzalez is correct that "the conclusion that a cause of persecution is economic does not necessarily imply that there cannot exist other causes of the persecution," *Osorio v. INS*, 18 F.3d 1017, 1028 (2d Cir. 1994), but he did not present evidence that MS-13 targeted him because it viewed his cooperation with the police as a stance against the gang's power, as opposed to mere interference with the gang's extortion efforts.

Olano-Gonzalez relies on *Delgado v. Mukasey*, 508 F.3d 702 (2d Cir. 2007), to argue otherwise, but that case is distinguishable.  Delgado refused to assist FARC, a terrorist organization seeking to overthrow the Colombian government, because she opposed its tactics in seeking to achieve its political goals and feared that the FARC would discover that

4

she belonged to a rival political party. *Id.* at 704, 707. Under those circumstances, we found that the BIA "erred in not discussing [Delgado's] imputed political opinion claim." *Id.* at 707. Olano-Gonzalez has not submitted similar evidence here, and in any event, the IJ and BIA did consider his claim that MS-13 could have been motivated both by economic gain and by Olano-Gonzalez's perceived political opinion.

## II. CAT Relief

Olano-Gonzalez also challenges the denial of CAT relief. To establish eligibility for CAT relief, an applicant must show that it is more likely than not that (1) he would be subjected to the infliction of "severe pain or suffering" (2) "by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 208.18(a)(1); 8 C.F.R. § 208.16(c)(2); *see also Khouzam v. Ashcroft*, 361 F.3d 161, 171 (2d Cir. 2004) ("In terms of state action, torture requires only that government officials know of or remain willfully blind to an act and thereafter breach their legal responsibility to prevent it."). Here, the BIA affirmed the IJ's findings (1) that the country condition reports that Olano-Gonzalez submitted failed to

establish that the Salvadoran government was more likely than not to acquiesce in Olano-Gonzalez's torture and (2) that Olano-Gonzalez's testimony as to his personal experience undercut any claim of government acquiescence.[1] Olano-Gonzalez argues that the former conclusion is contrary to the record and that the latter conflicts with our decision in *De La Rosa v. Holder*, where we observed that "it is not clear . . . why the preventative efforts of some government actors should foreclose the possibility of government acquiescence, as a matter of law, under the CAT."  598 F.3d 103, 110 (2d Cir. 2010).

We find no error in the BIA's determination that the country condition evidence failed to establish a likelihood that the Salvadoran government would acquiesce in Olano-Gonzalez's torture.  We review the agency's factual findings for substantial evidence and will overturn a finding only if "any reasonable adjudicator would be compelled to conclude to the contrary."  *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165 (2d Cir. 2008) (per curiam) (quoting 8 U.S.C. § 1252(b)(4)(B)).  Although there is some evidence in the record that corruption

---

[1] Olano-Gonzalez testified that the Salvadoran authorities prosecuted a person connected to the kidnapping and also traced the phone calls of a person harassing Olano-Gonzalez's family.

in El Salvador facilitates gang activity, there is also evidence that the government has made an active effort to combat the dangers that Olano-Gonzalez claims he will face.  Resolution of this type of conflicting evidence is a task for the agency, not this Court, *see Jian Hui Shao v. Mukasey*, 546 F.3d 138, 171 (2d Cir. 2008), and we will not disturb the agency's finding here.  Having concluded that Olano-Gonzalez failed to establish that the Salvadoran government would, in general, acquiesce in his torture, we have no need to consider the relevance of the specific police assistance he received and the scope of our decision in *De La Rosa*.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7