15-2026 (L)
Doe v. Sessions

BIA
Mulligan, IJ
A047 137 723

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of September, two thousand seventeen.

PRESENT:
REENA RAGGI,
PETER W. HALL,
DENNY CHIN,
*Circuit Judges.*

———————————————————————————

JOHN DOE,
*Petitioner,*

v.                                                              15-2026(L),
                                                                16-58(Con)
                                                                NAC

JEFFERSON B. SESSIONS III, UNITED
STATES ATTORNEY GENERAL,
*Respondent.*

———————————————————————————

FOR PETITIONER:          Nancy        Morawetz,    Supervising
                         Attorney; Juliana Morgan-Trostle,
                         Andrea Savdie, Allison Wilson, Rhiya
                         Trivedi,        Student        Interns,
                         Washington  Square  Legal  Services,

Inc., New York, New York.

FOR RESPONDENT:                 Benjamin C. Mizer, Principal Deputy
                                Assistant Attorney General; Mary
                                Jane Candaux, Assistant Director;
                                Jeremy M. Bylund, Trial Attorney,
                                Office of Immigration Litigation,
                                United States Department of Justice,
                                Washington, DC.

UPON DUE CONSIDERATION of these petitions for review of

Board of Immigration Appeals ("BIA") decisions, it is hereby

ORDERED, ADJUDGED, AND DECREED that the petitions for review

are DENIED in part and DISMISSED in part.

Petitioner John Doe, a native and citizen of the Dominican

Republic, seeks review of a June 18, 2015 decision of the BIA

affirming a December 29, 2014 decision of an Immigration Judge

("IJ") denying Doe's application for asylum, withholding of

removal, and relief under the Convention Against Torture

("CAT"). *In re John Doe,* No. A047-137-723 (B.I.A. June 18,

2015), *aff'g* No. A047-137-723 (Immig. Ct. N.Y.C. Dec. 29,

2014).[1]  Doe also seeks review of a December 9, 2015 decision

of the BIA denying his motion to reconsider. *In re John Doe,*

_____

[1] We previously granted the petitioner's motion to proceed in
our court under a pseudonym. Citations to the agency's
decisions have been modified to reflect that pseudonym.

2

No. A047-137-723 (B.I.A. Dec. 9, 2015). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to deny in part and dismiss in part.

Because the agency ordered Doe removed for having been convicted of an aggravated felony fraud offense (a fraud offense in which the loss to the victims exceeded $10,000, *see* 8 U.S.C. § 1101(a)(43)(M)(i)), our "appellate jurisdiction is limited to review of constitutional claims and questions of law." *Ortiz-Franco v. Holder*, 782 F.3d 81, 86 (2d Cir. 2015); *see also* 8 U.S.C. § 1252(a)(2)(C), (D).

1. Aggravated Felony Determination

Doe was ordered removed based on his conviction, following a guilty plea, for conspiracy to commit wire fraud and identity theft in connection with a cellphone "cloning" scheme. Doe here disputes that his conviction was for an aggravated felony, arguing that the agency erred in finding that his fraud caused losses in excess of $10,000.

Whether a crime qualifies as an aggravated felony is a question of law that we review *de novo*. *See Vargas-Sarmiento*

3

*v. U.S. Dep't of Justice*, 448 F.3d 159, 164-65 (2d Cir. 2006); *see also Ortiz-Franco v. Holder*, 782 F.3d at 86 (holding that appellate jurisdiction to review removal orders is limited to constitutional claims and questions of law). Embedded within the legal determination that Doe committed an aggravated felony fraud offense is the agency's finding that he caused more than $10,000 in victim losses. We have jurisdiction to review that factual finding because it determines whether the jurisdictional bar applies. *See Kuhali v. Reno*, 266 F.3d 93, 100-01 (2d Cir. 2001). Because the Government has the burden of proving victim losses by clear and convincing evidence, *see* 8 C.F.R. § 1240.8(a), we review the agency's loss-amount finding with a standard "more demanding" than substantial evidence: to grant the petition, we "must find that any rational trier of fact would be compelled to conclude that the proof did not rise to the level of clear and convincing evidence." *Francis v. Gonzales*, 442 F.3d 131, 138-39 (2d Cir. 2006). That is not this case.

The Supreme Court has construed the loss-amount clause in 8 U.S.C. § 1101(a)(43)(M)(i) to call for "a

4

'circumstance-specific,' not a 'categorical,' interpretation." *Nijhawan v. Holder*, 557 U.S. 29, 36 (2009). In short, the $10,000 "monetary threshold applies to the specific circumstances surrounding an offender's commission of a fraud and deceit crime on a specific occasion." *Id*. at 40. In *Nijhawan*, the agency relied on the petitioner's "own stipulation, produced for sentencing purposes," and the sentencing court's restitution order to find the requisite loss amount. *Id*. at 42-43. The Supreme Court held that, "[i]n the absence of any conflicting evidence (and petitioner mentions none), this evidence is clear and convincing." *Id*. at 43.

The agency's finding against Doe rested on two documents: the indictment and the judgment of conviction. The indictment charged Doe and his co-defendants with a conspiracy to commit wire fraud that included two overt acts whereby the defendants distributed cellphone identifiers used to make a total of $108,301 in unauthorized calls. The Government argues that losses in a cellphone cloning conspiracy are "the amount that the defrauded telephone companies would have been paid if the calls had been made legitimately," Resp't's Br. 25 (quoting

5

*United States v. Pervaz*, 118 F.3d 1, 10 (1st Cir. 1997)), and thus Doe, as a member of the conspiracy, is liable for more than $100,000 in foreseeable losses. *See Pinkerton v. United States*, 328 U.S. 640, 647 (1946).

In urging otherwise, Doe responds that the loss figures in the indictment were never proved at trial, and that those figures reflect the price phone companies charged to consumers, not the much lower cost of processing the calls, so that the indictment vastly overstates the phone company victims' losses.

The second document relied on by the agency is the judgment of conviction, which ordered restitution of $11,115.12. The sentencing court also entered a forfeiture order in the amount of $11,115.12. Doe alleges that the judgment was erroneous in referencing "restitution"; it should have said "forfeiture." He argues that the distinction is dispositive here because while "restitution . . . is intended to makes victims whole," "forfeiture is based on the offender's gain." Pet'r's Br. 18. In any event, Doe argues that restitution ordered pursuant to a plea agreement is insufficient to meet the government's burden of showing loss because the parties can agree to compensate

6

losses beyond those caused by the crime of conviction. *See Singh v. Attorney General*, 677 F.3d 503 (3d Cir. 2012). *Singh* is distinguishable in two respects. First, Doe's plea colloquy shows that the sentencing court did not order restitution based on Doe's plea agreement. Second, in *Singh*, there were "undisputed facts in the sentencing material that undermine[d] the restitution order's reliability as a measure of actual loss," including the prosecutor's statement that the victim did not suffer any losses as a result of Singh's fraud. *Id.* at 515-18.

By contrast, Doe points to no "conflicting evidence" that undermines the agency's reliance on the judgment's restitution order to find loss. *Nijhawan v. Holder*, 557 U.S. at 43. The question is not whether the Government could have introduced more evidence of loss, *e.g.*, Doe's pre-sentence report (calculating loss for purposes of both the Sentencing Guidelines and restitution) or sentencing transcript. We ask only "whether the record would compel any rational factfinder to conclude that the Government's burden of proof was not satisfied," *Centurion v. Holder*, 755 F.3d 115, 120 (2d Cir.

2014) (internal quotation marks omitted), and conclude that it would not.[2]

## 2. Particularly Serious Crime Determination

Doe challenges the agency's determination that his crimes of conviction were particularly serious so as to bar him from receiving withholding of removal. *See* 8 U.S.C. § 1231(b)(3)(B)(ii); 8 C.F.R. § 1208.16(d)(2).

Where, as here, the crime is not *per se* particularly serious because the alien was not sentenced to an aggregate prison term of at least five years, *see* 8 U.S.C. § 1231(b)(3)(B), the agency "examine[s] the nature of the conviction, the type of sentence imposed, and the circumstances and underlying facts of the conviction," *In re N-A-M-*, 24 I. & N. Dec. 336, 342 (B.I.A. 2007); *see also Nethagani v. Mukasey*, 532 F.3d 150, 154 n.1, 155 (2d Cir. 2008).

Doe charges the IJ with speculating that the cellphone cloning scheme "surely caused significant stress" to the people

---

[2] As the Supreme Court observed in *Nijhawan*, the time for the petitioner to develop evidence to challenge the judgment and restitution order was in the criminal action or at the deportation hearing. *See Nijhawan v. Holder*, 557 U.S. at 42.

whose numbers had been stolen, Pet'r's Br. 40, and with failing to consider the nature of his crime and relevant mitigating factors. These are disputes with the agency's weighing of facts, which are beyond our jurisdiction. *See* 8 U.S.C. § 1252(a)(2)(C), (D); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006) (stating that, when assessing jurisdiction, we must "study the arguments asserted" to "determine, regardless of the rhetoric employed in the petition, whether it merely quarrels over the correctness of the factual findings" or raises true question of law).

Doe reads several BIA decisions to suggest that a particularly serious crime must have violence as an element or a connection to physical harm. He contends as well that BIA precedent has effectively erased the dangerousness requirement of the particularly serious crime bar, violating the principle of non-refoulement. Neither of these arguments is persuasive. As the Government notes, the BIA has found various fraud crimes to be particularly serious. *See, e.g.*, *Arbid v. Holder*, 700 F.3d 379, 382 (9th Cir. 2012). Moreover, Doe's argument regarding dangerousness is foreclosed by *Flores v. Holder*, 779

9

F.3d 159, 167 (2d Cir. 2015); *see also In re N-A-M-*, 24 I. &
N. Dec. at 342 (stating that BIA "no longer engage[s] in a
separate determination to address whether the alien is a danger
to the community").   In any event, the BIA separately found that
identity theft poses a serious danger to society.

Here, the agency hewed to the relevant factors by analyzing
Doe's crimes, their impact on victims, and his 28-month sentence
before  determining  that  they  were  particularly  serious.
Nothing more was required.   *See Nethagani v. Mukasey*, 532 F.3d
at 155 (holding that, where the BIA addressed relevant factors,
it "properly applied its own precedent in determining that
Nethagani had been convicted of a particularly serious crime").

3.   CAT Relief

In challenging the denial of CAT relief, Doe argues that
the BIA erroneously added a time limitation to the CAT when it
cited the lack of any threats since 2012, and also failed to
consider all the record evidence, including documentation of
the Dominican government's acquiescence to torture.   These
arguments go to the agency's weighing of the facts, which is
beyond our jurisdiction.   *See Xiao Ji Chen v. U.S. Dep't of*

10

*Justice*, 471 F.3d at 329.

Doe also faults the BIA for failing to explain why it was reasonable for the IJ to expect certain factual corroboration. As the Government correctly notes, Doe failed to exhaust this argument on appeal to the BIA, and so we decline to consider it.  *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 121-22 (2d Cir. 2007).

4.   <u>Consolidated Petition: Motion for Reconsideration</u>

Doe's consolidated petition challenges the denial of his motion for reconsideration, which targeted various aspects of the loss-amount finding.  As we have rejected the challenge to that finding, we conclude that the agency did not abuse its discretion in denying reconsideration.  *See Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir. 2006) ("The BIA's denial of a motion to reconsider is reviewed for abuse of discretion.").

For the foregoing reasons, the petitions for review are DENIED in part and DISMISSED in part.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

11