Dennis v. Sessions

BIA
Straus, IJ
A040 087 088

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of February, two thousand eighteen.

PRESENT:
DENNIS JACOBS,
PETER W. HALL,
DEBRA ANN LIVINGSTON,
*Circuit Judges.*

_____

BALTIMORE BARNETT DENNIS,
*Petitioner,*

v.                                          15-2973
NAC
JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:          Elyssa N. Williams, Formica
                         Williams, P.C., New Haven, CT.

FOR RESPONDENT:          Benjamin C. Mizer, Principal
                         Deputy Assistant Attorney General;
                         Terri J. Scadron, Assistant
                         Director; Margot L. Carter, Trial
                         Attorney, Office of Immigration
                         Litigation, United States

Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Baltimore Barnett Dennis, a native and citizen of Jamaica, seeks review of a September 8, 2015, decision of the BIA, affirming a May 27, 2015, decision of an Immigration Judge ("IJ") denying Dennis's application for withholding of removal under the Immigration and Nationality Act ("INA") and the Convention Against Torture ("CAT"). *In re Baltimore Barnett Dennis,* No. A040 087 088 (B.I.A. Sept. 8, 2015), *aff'g* No. A040 087 088 (Immig. Ct. Hartford May 27, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). Dennis's underlying controlled substance offense conviction limits our

2

jurisdiction to constitutional claims and questions of law. *See* 8 U.S.C. §§ 1252(a)(2)(C), (D), 1227(a)(2)(B)(i). Whether an alien has been convicted of a particularly serious crime is a question of law over which we have jurisdiction. *See Nethagani v. Mukasey*, 532 F.3d 150, 154-55 (2d Cir. 2008).

An alien is barred from withholding of removal (under both the INA and the CAT) if he has been convicted of a particularly serious crime. 8 U.S.C. § 1231(b)(3) (INA); 8 C.F.R. § 1208.16(d)(2) (CAT). If, as here, the crime is not per se particularly serious, the agency "examine[s] the nature of the conviction, the type of sentence imposed, and the circumstances and underlying facts of the conviction." *Matter of N-A-M-*, 24 I. & N. Dec. 336, 342 (B.I.A. 2007); *see also Nethagani*, 532 F.3d at 154 n.1, 155.

The IJ stated that Dennis's "conviction in 2012 [for] possession with intent to sell narcotics" "is clearly a particularly serious crime" "based on the length of the sentence and the seriousness of the offense," Certified Administrative Record ("CAR") at 43. Dennis has two convictions for possession with intent to sell/dispense

3

(marijuana) on the same day in 2012, which resulted from different arrests nearly two months apart, and was sentenced to six years in prison.

Dennis argues chiefly: that the bar applies only if the crime was particularly serious and if the alien is a danger to the community; that the marijuana convictions for possession with intent are not all that serious because (as he contends) the drug was for personal use to self-medicate his stutter with a tea infusion; and that he is not a danger to the community. The argument that the marijuana was for personal use is incompatible with conviction for possession with intent to distribute. Moreover, the IJ concluded that possession with intent is a particularly serious offense and that the seriousness is in part reflected by the length of the sentence. While the length of sentence is not alone enough, *Matter of N-A--, 24 I. & N. Dec. at 324,* and the IJ should not consider that they were two convictions, the length of sentence is a fact properly considered and there is no sign that the IJ excessively relied upon the sentence or relied at all on the fact that there were two convictions.

As to Dennis's argument that the agency was required to

4

engage in a separate analysis of whether he is a danger to the community, his argument is explicitly foreclosed by *Flores v. Holder*, 779 F.3d 159, 167 (2d Cir. 2015) ("We have accorded *Chevron* deference . . . to the BIA's interpretation that no separate danger to the community analysis is required when determining whether a crime is particularly serious.").

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5