12-711-ag
*Doe v. Lynch*


# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of December, two thousand fifteen.

PRESENT:
>ROBERT D. SACK,
>DENNY CHIN,
>SUSAN L. CARNEY,
>>*Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

JOHN DOE,
>*Petitioner*,

>v.                                                                              12-711-ag

LORETTA E. LYNCH, United States Attorney
General,
>*Respondent*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PETITIONER:                          JUSTIN CONLON, North Haven, CT.

FOR RESPONDENT: MICHAEL C. HEYSE, Trial Attorney, Office of Immigration Litigation; Benjamin C. Mizer, Acting Assistant Attorney General, Civil Division; Mary Jane Candaux, Assistant Director, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

FOR AMICI CURIAE: TRINA REALMUTO, National Immigration Project of the National Lawyers Guild, for Amici Curiae National Immigration Project of the National Lawyers Guild and Immigrant Defense Project, Boston, MA.

**UPON DUE CONSIDERATION** of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

John Doe,[1] a native and citizen of the Dominican Republic, seeks review of a February 8, 2012 order of the BIA affirming the December 2, 2009, decision of an Immigration Judge ("IJ"), which denied his motion to reopen. *In re John Doe*, No. A078 391 324 (B.I.A. Feb. 8, 2012), *aff'g* No. A078 391 324 (Immig. Ct. Hartford Dec. 2, 2009). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the BIA's denial of a motion to reopen for abuse of discretion, including its finding that a movant failed to establish *prima facie* eligibility for the

---

[1] Pursuant to Petitioner's unopposed motion, his name has been redacted from the docket.

underlying relief sought.  *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005); *see also INS v. Abudu*, 485 U.S. 94, 104-05 (1988).  "An abuse of discretion may be found in those circumstances where the Board's decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur*, 413 F.3d at 233-34 (quoting *Zhao v. DOJ*, 265 F.3d 83, 93 (2d Cir. 2001)).  We find no abuse of discretion in this case.

Initially, because Doe is removable based on a conviction for an aggravated felony and controlled substance offense, our jurisdiction to review the BIA's denial of his motion to reopen is limited to constitutional claims and questions of law. *See* 8 U.S.C. § 1252(a)(2)(C), (D); *Durant v. INS*, 393 F.3d 113, 115 (2d Cir. 2005); *see also Ortiz-Franco v. Holder*, 782 F.3d 81, 86 (2d Cir. 2015).  Accordingly, we may review Doe's arguments that he established, or will establish in reopened proceedings, his statutory eligibility for withholding of removal and relief under the Convention Against Torture ("CAT"). *See* 8 U.S.C. § 1252(a)(2)(D); *Richmond v. Holder*, 714 F.3d 725, 728 (2d Cir. 2013) ("We have jurisdiction to examine, as a question of law, a petitioner's statutory eligibility for relief from removal.").

On appeal, Doe argues that the agency erred by (1) failing to consider his cooperation with prosecutors as a circumstance mitigating the presumption that his drug trafficking conviction was a particularly serious crime, (2) applying a heightened

3

legal standard as opposed to a *prima facie* eligibility standard to his motion to reopen

and misstating the willful blindness standard, and (3) failing to explain how its CAT

jurisprudence is consistent with its obligations under the United Nations Convention

Against Transnational Organized Crime ("CATOC") and a "state-created danger"

theory. We address each argument in turn.

## A.      Particularly Serious Crime Determination

As the agency found, Doe failed to establish his *prima facie* eligibility for

withholding of removal because he was convicted of trafficking large quantities of

controlled substances. *Matter of Y-L-, A-G-, & R-S-R-*, 23 I. & N. Dec. 270 (A.G. 2002)

(hereinafter "*Matter of Y-L-*"), *overruled on other grounds by Khouzam v. Ashcroft*, 361 F.3d

161, 170-71 (2d Cir. 2004). Doe does not contend that the agency misapplied the

standard set forth in *Matter of Y-L-*, but asserts that the standard is not entitled to

deference because the Attorney General unreasonably declined to consider cooperation

with prosecutors as a circumstance mitigating the strong presumption that drug

trafficking aggravated felonies are particularly serious crimes. When reviewing the

Attorney General's interpretation of the Immigration and Nationality Act, we defer to

the agency's interpretation so long as it is reasonable in light of the two-step analysis set

forth in *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984).

Here, the withholding of removal statute does not define "particularly serious crime,"

and the phrase's  meaning is ambiguous. *See, e.g., Mei Fun Wong v. Holder*, 633 F.3d 64,

4

74 (2d Cir. 2011).  The Attorney General's creation of strong presumptions involving drug trafficking convictions was a reasonable interpretation of the statute because the text itself provides the Attorney General with discretion to make the determination.  *See* 8 U.S.C. § 1231(b)(3)(B)(ii) ("Subparagraph (A) does not apply … if the Attorney General *decides* that . . . the alien, having been convicted of . . . a particularly serious crime is a danger to the community of the United States" and "[the *per se* category of particularly serious crimes] shall not preclude the Attorney General from *determining* that, notwithstanding the length of sentence imposed, an alien has been convicted of a particularly serious crime." (emphases added)); *Miguel-Miguel v. Gonzales*, 500 F.3d 941, 948 (9th Cir. 2007).

Amici Curiae argue that the agency erred because it should have conducted a separate analysis as to whether Doe is a danger to the community.  This argument fails as a matter of law.  The BIA has held that the determination of whether an individual poses a danger to the community is subsumed in the analysis of whether the crime is particularly serious; this Court has deferred to that holding under *Chevron*. *See Flores v. Holder*, 779 F.3d 159, 167 (2d Cir. 2015) ("We have accorded *Chevron* deference … to the BIA's interpretation that no separate danger to the community analysis is required when determining whether a crime is particularly serious."); *Nethagani v. Mukasey*, 532 F.3d 150, 154 n.1 (2d Cir. 2008) ("[T]he BIA has held that [an] alien [convicted of a particularly serious crime] necessarily constitutes 'a danger to the

5

community of the United States.' We have accepted the BIA's interpretation of the statute." (citing *Ahmetovic v. INS*, 62 F.3d 48, 52-53 (2d Cir. 1995))). We are bound by these decisions "unless and until the precedents established therein are reversed *en banc* or by the Supreme Court." *United States v. Jass*, 569 F.3d 47, 58 (2d Cir. 2009).

B.      *Prima Facie* **Evidentiary Standard and Willful Blindness**

The agency also reasonably determined that Doe failed to establish his *prima facie* eligibility for CAT relief. Contrary to Doe's contention, the BIA correctly applied the *prima facie* evidentiary standard for motions to reopen and concluded that Doe could not establish CAT eligibility. *Poradisova v. Gonzales*, 420 F.3d 70, 78 (2d Cir. 2005) (holding that a movant must demonstrate "a realistic chance" that he could establish eligibility). While the BIA correctly stated the willful blindness evidentiary standard in one sentence and then misstated it in the following sentence, *see Khouzam*, 361 F.3d at 171 (requiring government officials to "know of *or* remain willfully blind to an act [of torture]" (emphasis added)), remand for the BIA to address the error is not necessary. Its alternate finding, that Doe's CAT claim was too speculative, was not tainted by this error. *See Xiao Ji Chen v. DOJ*, 471 F.3d 315, 338 (2d Cir. 2006).

Apart from these questions of law, Doe argues that that he sufficiently established *prima facie* eligibility for CAT relief because the evidence showed that his co-defendant had both means and motive to bribe corrupt Dominican officials, the Dominican Republic suffers from widespread drug violence, and some corrupt officials

6

had accepted bribes from drug traffickers in the past. We lack jurisdiction to review this evidentiary-based challenge, because the likelihood of a future event is a finding of fact. *See Hui Lin Huang v. Holder*, 677 F.3d 130, 134-35 (2d Cir. 2012).

**C.     Doe's CATOC and "State-Created Danger" Claims**

Doe concedes that the CATOC provides no independent ground for relief in removal proceedings, as this Court has held. *See Doe v. Holder*, 763 F.3d 251, 255-57 (2d Cir. 2014) (holding CATOC is not self-executing and requires implementation through domestic legislation); *see also Matter of G-K-*, 26 I. & N. Dec. 88 (B.I.A. 2013) (holding that CATOC does not provide independent grounds for relief and its objectives are already advanced through existing immigration laws). He contends, however, that remand is appropriate because in *Matter of G-K-*, the BIA failed to explain how its CAT jurisprudence is consistent with the United States' obligations under CATOC and a "state created danger" theory. Doe provides no legal authority, however, for his contention that given CATOC, the BIA should disregard the burden of proof required to sustain a CAT claim. *See* 8 C.F.R. § 1208.16(c)(2). He therefore has identified no basis for challenging the IJ's conclusion. We see no reason to disagree with the BIA's conclusion that a state-created danger theory does not provide a valid basis for reopening Doe's removal proceedings. *See Kamara v. Att'y Gen.*, 420 F.3d 202, 216-18 (3d Cir. 2005).

7

For the foregoing reasons, the petition for review is **DENIED**.  As we have completed our review, the pending motion for a stay of removal in this petition is **DENIED** as moot.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk