Vaskovska v. Lynch

BIA
Connelly, IJ
A099 097 347

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of August, two thousand sixteen.

PRESENT:
>ROSEMARY S. POOLER,
>REENA RAGGI,
>GERARD E. LYNCH,
>>*Circuit Judges.*

_____

KATERYNA SERGEEVNA VASKOVSKA,
>*Petitioner,*

v.

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
>*Respondent.*

_____

14-4382 (L),
15-145 (Con)

FOR PETITIONER:
Benjamin Nelson, Student Attorney, Buffalo, New York (Anjana Malhotra, SUNY Buffalo Law School, *on the brief*)

**FOR RESPONDENT:**       C. Frederick Sheffield, Trial Attorney, Office of Immigration Litigation, Civil Division, Department of Justice, Washington, DC (Benjamin C. Mizer, Principal Deputy Assistant Attorney General, and Erica B. Miles, Senior Litigation Counsel, *on the brief*)

**FOR *AMICI CURIAE*:**       Philip L. Torrey, Sarah B. Cohen, and Emma I. Scott (Law Students), Harvard Immigration and Refugee Clinic, Cambridge, Massachusetts, on behalf of *amici curiae* Harvard Immigration and Refugee Clinical Program, Immigrant Defense Project, and National Immigration Project of the National Lawyers Guild.

**UPON DUE CONSIDERATION** of these petitions for review of Board of Immigration Appeals ("BIA") decisions, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petitions for review are **DENIED.**

In these consolidated petitions, Kateryna Sergeevna Vaskovska, a native of the former Soviet Union and a citizen of Ukraine, seeks review of an October 31, 2014, decision of the BIA affirming an August 8, 2013, decision of an immigration judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"); she also seeks review of a January 15, 2015, decision of the BIA denying her

2

motion for reconsideration. *In re Vaskovska*, No. A099 097 347 (B.I.A. Oct. 31, 2014), *aff'g* No. A099 097 347 (Immig. Ct. Batavia Aug. 8, 2013); *In re Vaskovska*, No. A099 097 347 (B.I.A. Jan. 15, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have considered both the IJ's and the BIA's opinions "for the sake of completeness[.]" *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). Since Vaskovska's brief does not specifically address the standards applicable to denials of remand and reconsideration, we limit our review to the issues raised in her petition.

Pursuant to 8 U.S.C. § 1252(a)(2)(C) and (D), we lack jurisdiction to review the final order of removal of a noncitizen like Vaskovska who is removable for having committed a controlled substance offense unless the petition raises constitutional claims or questions of law. We review those issues *de novo*. *Pierre v. Holder*, 588 F.3d 767, 772 (2d Cir. 2009).

3

**Particularly Serious Crime Determination**

Asylum and withholding of removal under the Immigration and Nationality Act ("INA") and the CAT are unavailable to a noncitizen who has been convicted of a particularly serious crime. 8 U.S.C. §§ 1158(b)(2)(A)(ii), 1231(b)(3)(B)(ii). For purposes of asylum, an aggravated felony is *per se* particularly serious, 8 U.S.C. § 1158(b)(2)(B)(i), and for purposes of withholding, "an aggravated felony (or felonies) for which the alien has been sentenced to an aggregate term of imprisonment of at least 5 years shall be considered . . . particularly serious[,]" 8 U.S.C. § 1231(b)(3)(B). Although Vaskovska's conviction for drug possession was a felony, as the agency acknowledged, it was not an aggravated felony because it was not a drug trafficking crime. It was thus not *per se* a particularly serious crime. In such circumstances, the agency may make an individualized inquiry into whether a conviction is particularly serious under the facts and circumstances of each case. *Nethagani v. Mukasey*, 532 F.3d 150, 155 (2d Cir. 2008).

When a conviction is not *per se* particularly serious, the agency first considers whether "the elements of the offense

. . . potentially bring the crime into a category of particularly serious crimes." *Matter of N-A-M-*, 24 I. & N. Dec. 336, 342 (B.I.A. 2007). If the crime satisfies this initial inquiry, the agency may then consider "all reliable information" in assessing "(1) 'the nature of the conviction,' (2) 'the circumstances and underlying facts of the conviction,' (3) 'the type of sentence imposed' and (4) 'whether the type and circumstances of the crime indicate that the alien will be a danger to the community[.]'" *Nethagani*, 532 F.3d at 155, quoting *In re Frentescu*, 18 I. &. N. Dec. 244, 247 (B.I.A. 1982).

Vaskovska argues that the BIA erred by failing to make a threshold determination that the elements of her possession offense potentially bring it within a category of particularly serious crimes. This argument is unexhausted. Before the BIA, Vaskovska argued only that the circumstances and underlying facts of her conviction did not merit a finding that it was a particularly serious crime. She urged the BIA to exercise its discretion under a six-factor test articulated in *Matter of Y-L-*, 23 I. & N. Dec. 270, 276-77 (B.I.A. 2002). Vaskovska thus disputed the IJ's weighing of the facts and circumstances of her conviction, and she did not argue that the

IJ failed to make a *threshold* determination that the *elements* of her possession offense did not potentially bring it within the ambit of a particularly serious crime. She also did not raise this threshold issue in briefing her motion for reconsideration before the BIA. Vaskovska's threshold argument is not a "subsidiary legal argument[]" to those raised below, nor is it an "argument[] by extension[.]" *Gill v. INS*, 420 F.3d 82, 86-87 (2d Cir. 2005). Accordingly, the argument is unexhausted and we will not consider it.[1] *See Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 118-19 (2d Cir. 2006).

Vaskovska also argues that the particularly serious crime determination was flawed because the agency erroneously relied on *Matter of Y-L-*, 23 I. & N. Dec. at 276, and its presumption that drug trafficking convictions are particularly serious because they are aggravated felonies. However, the BIA expressly stated that Vaskovska's "offense was a simple possession offense, and was not an aggravated felony," but determined that it was a particularly serious crime under the

_____

[1] Because this argument is unexhausted, we express no view as to whether there are indeed two distinct "steps" to the particularly serious crime determination, as the *N-A-M-* decision appears to hold.

6

circumstances.  C.A.R. 500.[2]  It apparently relied on *Y-L-* for the general proposition that crimes involving drug trafficking are particularly serious, which was relevant for purposes of the individualized inquiry in this case because Vaskovska testified before the IJ that she sold drugs in connection with her conviction.

We lack jurisdiction to consider the agency's particularly serious crime determination to the extent that its decision is based on the facts and circumstances of Vaskovska's underlying crime.  Although we retain jurisdiction to review whether the agency applied the correct legal standard, we lack jurisdiction to review the agency's weighing of the discretionary factors.[3] *See* 8 U.S.C. § 1252(a)(2)(C), (D); *see also Argueta v. Holder*, 617 F.3d 109, 112 (2d Cir. 2010); *Nethagani*, 532 F.3d at 155.

---

[2] There are two administrative records in this case, the first docketed with the initial petition in No. 14-4382, and the second with the later petition in No. 15-145.  Our citations are to the record filed in No. 15-145 at Docket No. 64.

[3] Vaskovska argues that the agency erred by not considering mitigating factors, including her serious mental illness. However, personal circumstances such as mental illness are not among the listed *Frentescu* factors and we lack jurisdiction to consider the agency's evaluation of the facts and circumstances of the case.

7

Here, the record shows that the agency considered Vaskovska's testimony and an investigative report in determining that, while Vaskovska pled guilty to unlawful possession, the circumstances of her offense involved the sale of a large quantity of narcotic pain medication for approximately $1,200, and a substantial sentence of three years in prison.[4] Accordingly, the agency neither mischaracterized the nature of Vaskovska's conviction nor misapplied the legal standard when determining that she committed a particularly serious crime.

Next, Vaskovska and *amici* argue that the BIA's interpretation of what constitutes a particularly serious crime contravenes the language of the asylum and withholding statutes as well as the Refugee Convention. *See* 8 U.S.C. §§ 1158(b)(2)(A)(ii) (asylum), 1231(b)(3)(B)(ii) (withholding of removal). They argue that the BIA's interpretation of what constitutes a particularly serious crime is too broad, as both Congress and the United Nations intended only exceptionally grave convictions to be particularly serious. However, in *Frentescu*, 18 I. & N. Dec. at 247, the BIA set the standard for

---

[4] She ultimately served eight months in prison under a shock incarceration program.

8

determining whether a crime is particularly serious, and refined that standard in *N-A-M-*, 24 I. & N. Dec. at 338-44. We have deferred to the BIA's interpretation. *Nethagani*, 532 F.3d at 154-55 & n.1.[5]

Vaskovska and *amici* also argue that, in determining whether a person has been convicted of a particularly serious crime, the BIA is required to engage in a separate and independent analysis of whether an alien is a danger to the community. The INA provides that asylum and withholding of removal will not be granted to a noncitizen who "having been convicted by a final judgment of a particularly serious crime, constitutes a danger to the community of the United States." 8 U.S.C. § 1158(b)(2)(A)(ii) (asylum); *id.* § 1231(b)(3)(B)(ii) (withholding of removal). The BIA has held that the

---

[5] This argument is also inconsistent with the expansive list of crimes that are "aggravated felonies," and therefore presumptively particularly serious in the context of asylum, 8 U.S.C. § 1158(b)(2)(B)(i), and in connection with an application for withholding of removal if a person received a five-year sentence, *id.* § 1231(b)(3)(B). Many offenses that do not come within Vaskovska's and *amici*'s extremely narrow categorization of what constitutes a particularly serious offense are aggravated felonies under the INA. *See id.* § 1101(a)(43) (aggravated felonies include, *inter alia*, drug trafficking, disclosing classified information, failure to appear to serve a sentence of five years or more, perjury, and obstruction of justice).

dangerousness inquiry is subsumed within the analysis of whether the crime is particularly serious and does not require a separate inquiry into an individual's danger to the community. *Matter of Carballe*, 19 I. & N. Dec. 357, 360 (B.I.A. 1986); *see Matter of G-G-S-*, 26 I. & N. Dec. 339, 347 (B.I.A. 2014) ("[T]he focus in a particularly serious crime analysis is whether the *offense* justifies a determination that the respondent is a danger to the community[.]" (emphasis added) (internal quotation marks omitted)). We have on several occasions accepted that interpretation, and we are bound by those prior decisions. *E.g.*, *Ahmetovic v. INS*, 62 F.3d 48, 53 (2d Cir. 1995); *Flores v. Holder*, 779 F.3d 159, 167 (2d Cir. 2015) ("We have accorded *Chevron* deference . . . to the BIA's interpretation that no separate danger to the community analysis is required when determining whether a crime is particularly serious.").

Accordingly, the agency did not err in determining that Vaskovska's conviction was for a particularly serious crime rendering her ineligible for asylum and withholding of removal. Because the particularly serious crime determination is dispositive of Vaskovska's asylum application, we decline to

consider her arguments regarding the timeliness of that application.  *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).

**Deferral of Removal under the CAT**

Like asylum and withholding of removal, our review of Vaskovska's CAT claim is limited to constitutional claims and questions of law.  8 U.S.C. § 1252(a)(2)(C), (D); *see Ortiz-Franco v. Holder*, 782 F.3d 81, 86 (2d Cir. 2015).

Deferral under the CAT is a mandatory form of relief that requires an applicant to show that it is more likely than not that she will be tortured in the country of removal.  8 C.F.R. § 1208.17(a).  If those who would harm the applicant are not government actors, the applicant must also show that government officials will acquiesce in her torture.  An applicant thus must demonstrate that "government officials know of or remain willfully blind to an act and thereafter breach their legal responsibility to prevent it."  *Khouzam v. Ashcroft*, 361 F.3d 161, 171 (2d Cir. 2004).

Vaskovska argues that the agency applied the wrong legal standard for acquiescence.  However, the IJ stated that "[a]cquiescence requires that the public official have prior awareness of the activity and thereafter breach his or her legal

11

responsibility to intervene to prevent such activity" and then considered the country conditions in Ukraine that relate to domestic violence. C.A.R. 676. The IJ noted that domestic violence against women in Ukraine remained "a serious problem" but "the government of Ukraine, including the police, have taken proactive steps to attempt to curb domestic violence." C.A.R. 676, 677. Accordingly, he accurately stated and applied the standard. *See Khouzam*, 361 F.3d at 171. Vaskovska's other argument challenges "the correctness of [the] IJ's fact-finding[s]" and thus does not present a question of law that we may review. *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006).[6]

---

[6] In particular, Vaskovska contends that the IJ mischaracterized the evidence in concluding that she "remained in . . . Ukraine from the age of 5 until approximately 17 apparently without harm from her father." C.A.R. 675. Although she points to evidence in the record in an attempt to contradict this finding, that evidence details a single incident when Vaskovska's father threatened her mother with a gun. While certainly traumatic, the evidence does not show that Vaskovska was physically harmed. Thus, the IJ did not "unambiguously mischaracterize a central element of the record." *Liu v. INS*, 508 F.3d 716, 720 (2d Cir. 2007).

12

For the foregoing reasons, the petitions for review are DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

13