Song v. Sessions

BIA
Christensen, IJ
A206 572 002

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of January, two thousand nineteen.

PRESENT:
>          DENNY CHIN,
>          SUSAN L. CARNEY,
>          CHRISTOPHER F. DRONEY,
>               *Circuit Judges.*

_____

FANGJIAN SONG,
>          *Petitioner,*

>          v.                                          17-1709
>                                                      NAC

MATTHEW G. WHITAKER, ACTING
UNITED STATES ATTORNEY GENERAL,
>          *Respondent.*

_____

FOR PETITIONER:             Hui Chen, Law Offices of Hui
                            Chen Associates, P.C.,
                            Flushing, NY.

**FOR RESPONDENT:**         Chad A. Readler, Acting Assistant Attorney General; Jeffery R. Leist, Senior Litigation Counsel; Abigail E. Leach, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Fangjian Song, a native and citizen of the People's Republic of China, seeks review of an April 28, 2017, decision of the BIA affirming an August 31, 2016, decision of an Immigration Judge ("IJ") denying Song's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Fangjian Song,* No. A206 572 002 (B.I.A. Apr. 28, 2017), *aff'g* No. A206 572 002 (Immig. Ct. N.Y. City Aug. 31, 2016). We assume the parties' familiarity with the underlying facts and procedural history.

Given the circumstances of this case, we have "review[ed] the IJ's decision as modified by the BIA, *i.e.,* minus the bases for denying relief that the BIA expressly declined to consider." *Flores v. Holder*, 779 F.3d 159, 163

2

(2d Cir. 2015). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); Hong Fei Gao v. Sessions, 891 F.3d 67, 76-78 (2d Cir. 2018); *Xiu Xia Lin*, 534 F.3d at 163-64. Substantial evidence supports the agency's determination that Song was not credible.

Song's asylum application was based on a single incident of past persecution, in which police allegedly detained and beat him in retaliation for his efforts to resist his wife's forced abortion. The agency reasonably relied on Song's inconsistent statements in his application, interview with an asylum officer, and hearing regarding the details of this incident. Song testified that five family planning officials

3

came to his home, three men and two women. This was inconsistent with his statement to the asylum officer, in which he specified that the officials were four women and one man. In addition, Song told the asylum officer that the police beat him with a baton, but then, when testifying before the IJ, expressly denied that they had used a baton. Song tried to explain these discrepancies by claiming that the asylum officer's notes were wrong and that he suffered from memory problems, but the IJ was not required to credit these explanations. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotations omitted)).

Song contends that the agency erred by relying in part on the notes of the asylum officer, which, he claims, violated his Sixth Amendment right to confront witnesses against him. We disagree. Sixth Amendment rights do not apply in removal proceedings, which are civil in nature. *United States v. Yousef*, 327 F.3d 56, 143 (2d Cir. 2003). And the agency does not err by relying on an asylum

4

officer's interview notes as long as the notes meet a "minimum standard" of containing a "meaningful, clear, and reliable summary of the statements" made at the interview. *Diallo v. Gonzales*, 445 F.3d 624, 632 (2d Cir. 2006). The notes in question met this standard: they were typewritten, organized, contemporaneous, and summarized the questions asked and the answers given. *See id.* (explaining that notes may be unreliable when they are "informal, personal notations" that are "randomly organized, cryptic to all but the note-taker, and partially illegible" (internal quotation marks and citation omitted)).

Song also argues that the agency gave insufficient weight to his claim that he suffered memory loss as a result of the alleged police beating, which, he says, explains his inconsistent answers. But the agency was not required to credit his corroborating evidence -- a one-page document from a Chinese hospital stating that he suffered "wound on the head part, blood stasis inside, nausea, emesis" -- because it provided no evidence of memory loss. *See Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence.").

Given the inconsistencies relating to the sole incident of past harm, substantial evidence supports the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xian Tuan Ye v. DHS*, 446 F.3d 289, 294-95 (2d Cir. 2006). As the agency concluded, Song's inconsistent statements called into question his testimony, and impugned his credibility generally. *See Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007). Accordingly, the adverse credibility determination was dispositive of asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe Clerk of Court