Sultan v. Garland

BIA
Nelson, IJ
A095 952 529

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30ᵗʰ day of May, two thousand twenty-three.

PRESENT:
> DENNY CHIN,
> RAYMOND J. LOHIER, JR.,
> ALISON J. NATHAN,
> > *Circuit Judges.*

_____

ALI ALI SULTAN, AKA RAHAMAT ALI SULTAN,
> *Petitioner*,

v.                                          20-2827
                                            NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Pankaj Malik, Warshaw Burstein, LLP, New York, NY.

FOR RESPONDENT:        Brian M. Boynton, Acting Assistant Attorney General; Anthony P.

Nicastro, Assistant Director;
Linda Y. Cheng, Trial Attorney,
Office of Immigration Litigation,
United States Department of
Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and DENIED in part.

Petitioner Ali Ali Sultan, a native and citizen of Trinidad and Tobago, seeks review of a July 28, 2020 decision of the BIA affirming a June 7, 2018 decision of an Immigration Judge ("IJ"), which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), as well as an application for cancellation of removal. *In re Ali Ali Sultan,* No. A 095 952 529 (B.I.A. July 28, 2020), *aff'g* No. A 095 952 529 (Immig. Ct. N.Y.C. June 7, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have considered both the IJ's and BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). Sultan primarily challenges the agency's denial of his motion for a continuance. We find no abuse of discretion in that ruling

2

and conclude that Sultan has not otherwise sufficiently exhausted or argued his claims for relief from removal.

I.  Motion to Continue

"We review the agency's denial of a continuance for abuse of discretion." *Flores v. Holder*, 779 F.3d 159, 164 (2d Cir. 2015).  The agency abuses its discretion "if (1) [its] decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding or (2) [its] decision—though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions." *Morgan v. Gonzales*, 445 F.3d 549, 551-52 (2d Cir. 2006) (quotation marks omitted).  "IJs have . . . broad discretion with respect to calendaring matters." *Sanusi v. Gonzales*, 445 F.3d 193, 199 (2d Cir. 2006) (finding no abuse of discretion where an IJ denied a third motion to continue "after months of delay").  While an IJ "may grant a motion for continuance for good cause shown," 8 C.F.R. § 1003.29, the moving party has the burden of establishing good cause, *see Matter of L-A-B-R-*, 27 I. & N. Dec. 405, 413 (A.G. 2018).

The IJ did not abuse her discretion in concluding that

Sultan did not show good cause for a continuance.  A motion for a continuance based on lack of preparation must be supported by "a reasonable showing that the lack of preparation occurred despite a good faith effort to be ready to proceed."  *Matter of Sibrun*, 18 I. & N. Dec. 354, 356 (B.I.A. 1983).  Sultan offered no evidence to establish the circumstances preventing him from being prepared for the hearing or any good faith effort to be ready for the hearing, beyond counsel's assertions when arguing for the continuance.

Sultan also argues that the denial of the continuance deprived him of due process.  To succeed on a due process claim, a petitioner "must show that []he was denied a full and fair opportunity to present h[is] claims or . . . otherwise deprived . . . of fundamental fairness," *Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007) (quotation marks and citations omitted), and "some cognizable prejudice fairly attributable to the challenged process," *Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008) (quotation marks and citations omitted).  Sultan made no such showing.  He had opportunities to present evidence and testify, and he has not established how witness testimony or the appearance of a

4

different attorney would have changed the outcome. For example, he did not provide objective evidence that Muslims or ethnic Indians in Trinidad and Tobago are targeted for persecution or that he would be singled out for torture for any reason. *See Garcia-Villeda*, 531 F.3d at 149 (denying a due process claim where the "[p]etitioner fail[ed] to demonstrate how the alleged shortcomings . . . prejudiced the outcome").

**II. Applications for Relief from Removal**

We require petitioners to exhaust the specific forms of relief they request and sufficiently argue the issues and challenge the agency's denial of relief in their petitions for review. *See Foster v. INS*, 376 F.3d 75, 78 (2d Cir. 2004); *Karaj v. Gonzales*, 462 F.3d 113, 119-20 (2d Cir. 2006). Sultan has failed to exhaust and has not sufficiently challenged the agency's denial of relief from removal. As the BIA pointed out, Sultan did not challenge the denial of cancellation of removal or the denial of asylum as time barred on appeal to the BIA. Accordingly, we lack jurisdiction to review those forms of relief. *See Karaj*, 462 F.3d at 119-20. Nor did he identify factual or legal errors in the denial

5

of withholding of removal and CAT relief on appeal to the BIA. *See Foster*, 376 F.3d at 78. Moreover, Sultan's briefs in support of his petition do not identify specific errors in the agency's decisions. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005) (deeming claim abandoned where not sufficiently argued). We therefore dismiss the petition insofar as Sultan challenges the agency's denial of relief from removal, which he failed to exhaust.

Even if we were to reach the merits of his arguments relating to withholding of removal and CAT relief, we do not identify any error in the agency's decision. Sultan alleged that he was fired from his job, but under the circumstances here, that harm alone does not amount to past persecution. *See Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011) ("[P]ersecution is an extreme concept that does not include every sort of treatment our society regards as offensive." (quotation marks omitted)); *Ivanishvili v. U.S. Dep't of Just.*, 433 F.3d 332, 341 (2d Cir. 2006) (distinguishing between persecution and harassment). Moreover, the 2017 State Department report, which is the only country conditions evidence in the record, does not support Sultan's fear of

future persecution or torture because it does not confirm his allegation that Indian-Muslims are targeted for persecution or singled out for rape and murder, as Sultan claims. *See* 8 C.F.R. §§ 1208.16(c)(2) (placing burden on CAT applicant to show torture is "more likely than not"), 1208.18(a)(1)–(2) (defining torture); *Wei Sun v. Sessions*, 883 F.3d 23, 27–28 (2d Cir. 2018) ("Eligibility for withholding of removal requires a clear probability of persecution, *i.e.*, it is more likely than not that the alien would be subject to persecution." (ellipsis and internal quotation marks omitted)).

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court