Hernandez v. Garland

BIA
McCarthy, IJ
A208 901 426/427

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of February, two thousand twenty-four.

PRESENT:
> RICHARD J. SULLIVAN,
> ALISON J. NATHAN,
> SARAH A. L. MERRIAM,
> *Circuit Judges.*

_____

MAIRA ESPERANZA HERNANDEZ,
JOSE ANDRES ARAGON
HERNANDEZ,
> *Petitioners*,

v.

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent*.

No. 21-6340
NAC

_____

**FOR PETITIONERS:**   Paul O'Dwyer, Esq., New York, NY.

**FOR RESPONDENT:**   Brian Boynton, Principal Deputy Assistant Attorney General; Nancy E. Friedman, Paul Fiorino, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Maira Esperanza Hernandez ("Maira") and Jose Andres Aragon Hernandez ("Jose"), natives and citizens of El Salvador, seek review of a decision of the BIA affirming the decision of an Immigration Judge ("IJ") denying their motion for a continuance and Maira's application for asylum and withholding of removal. *In re Maira Esperanza Hernandez, Jose Andres Aragon Hernandez*, No. A208 901 426/427 (B.I.A. May 17, 2021), *aff'g* No. A208 901 426/427 (Immigr. Ct. N.Y.C. Nov. 15, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

When the BIA affirms the IJ's decision without addressing every ground on which the IJ relied, we review the IJ's decision as modified and supplemented by the BIA. *See Flores v. Holder*, 779 F.3d 159, 163 (2d Cir. 2015); *Xue Hong Yang v.*

2

*U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005). Petitioners challenge only the agency's denial of a continuance pending adjudication by U.S. Citizenship and Immigration Services ("USCIS") of Jose's petition for Special Immigrant Juvenile Status ("SIJS"), and its denial of Maira's application for asylum and withholding of removal based on her fear of future harm on account of her familial relationship to Jose. We find no error in the agency's decisions.

## A. Continuance

"We review the agency's denial of a continuance for abuse of discretion." *Flores*, 779 F.3d at 164. An IJ "may grant a motion for continuance for good cause shown." 8 C.F.R. § 1003.29. "The good-cause standard . . . requires consideration and balancing of all relevant factors in assessing a motion for continuance to accommodate a collateral matter." *Matter of L-A-B-R-*, 27 I. & N. Dec. 405, 413 (A.G. 2018). "An immigration judge considering a motion for continuance to await the resolution of a collateral matter must focus principally on two factors: (1) the likelihood that the alien will receive the collateral relief, and (2) whether the relief will materially affect the outcome of the removal proceedings. The immigration judge should also consider whether the alien has exercised reasonable diligence in pursuing that relief, DHS's position on the

3

motion, the length of the requested continuance, and the procedural history of the case." *Id.*

Here, the agency did not abuse its discretion in denying Petitioners' request for a continuance. At the time Petitioners requested that relief from the IJ, Jose had not yet even petitioned USCIS for SIJS. Indeed, by that point Jose had only filed a petition in family court, which itself was merely a prerequisite to filing for SIJS at a later date. *See* 8 U.S.C. § 1101(a)(27)(J). Because Jose had not yet received the required juvenile court orders, much less petitioned for SIJS, the IJ was within his discretion in denying a continuance on grounds that the prospect of SIJS relief was too speculative. *See Elbahja v. Keisler*, 505 F.3d 125, 129 (2d Cir. 2007) (concluding that an IJ does not abuse his discretion by denying a continuance sought to pursue relief that is speculative); *see also Matter of L-A-B-R-*, 27 I. & N. Dec. at 417–18. And, although Jose presented the BIA with evidence that he had successfully obtained an SIJS priority date, the BIA did not err in affirming the IJ's denial of a continuance. Even by that point, no SIJS visa was immediately available to Jose and there was still a year-long gap between the then-current visa availability date and Jose's visa priority date. *See Matter of L-A-B-R-*, 27 I. & N. Dec. at 418 (providing that good cause for a continuance "does not exist if [an]

4

alien's visa priority date is too remote to raise the prospect of adjustment of status above the speculative level"); *see also id.* at 417 ("[B]ecause . . . likelihood of success in the collateral matter is paramount, a truly weak showing on that front may be dispositive."). We note that Jose's priority date still is not current. *See* U.S. Dep't of State, Visa Bulletin, Vol. X, No. 86 (Feb. 2024).[1]

## B. Asylum and Withholding of Removal

We review the agency's factual findings for substantial evidence and questions of law *de novo*. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). To establish eligibility for asylum and withholding of removal, an applicant "must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i); *see also id.* § 1231(b)(3)(A); *Quituizaca v. Garland*, 52 F.4th 103, 105–06 (2d Cir. 2022) (explaining that withholding of removal claims also require the "one central

---

[1] https://travel.state.gov/content/travel/en/legal/visa-law0/visa-bulletin/2024/visa-bulletin-for-february-2024.html.

5

reason" element of asylum claims).

Petitioners argue that the agency erred in failing to consider that Maira's fear of persecution is based on her membership in the particular social group of Jose's family. But Petitioners forfeited that argument when they omitted this social group – defined as individuals with familial ties to Jose – from the twenty-one proposed social groups they submitted to the IJ. *See Prabhudial v. Holder*, 780 F.3d 553, 555 (2d Cir. 2015) (holding that BIA need not consider an argument that was not raised before IJ); *Matter of W-Y-C- & H-O-B-*, 27 I. & N. Dec. 189, 192 (B.I.A. 2018) (concluding that BIA may not consider new social groups raised for the first time on appeal). Nor was the IJ obliged to *sua sponte* consider that argument, as Petitioners testified that gang members threatened them solely in order to pressure Jose to work for them as opposed to out of particular animus toward members of Jose's family. *See Garcia-Aranda v. Garland*, 53 F.4th 752, 757 (2d Cir. 2022) ("[B]ecause membership in the family cannot be a minor, incidental, or tangential reason for the harm, the fact that a persecutor targets a family member simply as a means to an end is not, by itself, sufficient to establish a claim, especially if the end is not connected to another protected ground." (quotation marks omitted)).

Finally, we decline Petitioners' request to remand based on the BIA's

6

citation of *Matter of A-B-*, a since-vacated decision in which a prior Attorney General held that gang violence generally is not a basis for asylum based on social group. 27 I. & N. Dec. 316 (A.G. 2018) ("*A-B- I*"), *vacated*, *Matter of A-B-*, 28 I. & N. Dec. 307 (A.G. 2021) ("*A-B- II*"). The BIA's reliance on *A-B- I* was not dispositive because the BIA also applied forfeiture to deny the social groups claim and noted that the claim failed under both *A-B- I* and precedential decisions decided before *A-B- I*.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

> FOR THE COURT:
> Catherine O'Hagan Wolfe,
> Clerk of Court