21-6442, 23-6138
Barrios Ventura v. Garland

BIA
Mungoven, IJ
A201 517 621

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of August, two thousand twenty-four.

PRESENT:
> DENNIS JACOBS,
> RAYMOND J. LOHIER, JR.,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

_____

WILSON ABRAHAM BARRIOS VENTURA,
> *Petitioner*,

v.

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

21-6442,
23-6138
NAC

_____

FOR PETITIONER:               Daniel E. Jackson, Esq., Corfu, NY.

**FOR RESPONDENT:** Bryan Boynton, Principal Deputy Assistant Attorney General; Justin R. Markel, Senior Litigation Counsel; Virgina Lum, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review in 21-6442 is DISMISSED AS MOOT and the petition for review in 23-6138 is DENIED.

Petitioner Wilson Abraham Barrios Ventura ("Barrios"), a native and citizen of Guatemala, seeks review of a January 10, 2023 decision of the BIA affirming a December 1, 2020 decision of an Immigration Judge ("IJ"), which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").[1] *In re Barrios Ventura*, No. A 201 517 621 (B.I.A. Jan. 10, 2023), *aff'g* No. A 201 517 621 (Immigr. Ct. N.Y.C Dec. 1, 2020). We assume the parties' familiarity with the underlying facts and procedural history.

---

[1] Barrios initially sought review of the BIA's July 21, 2021 decision, which the BIA's January 10, 2023 decision vacated and amended. We grant both his unopposed motion for dismissal of that petition (21-6442) as moot, and his unopposed motion for waiver of administrative requirements in connection with the petition challenging the amended order (23-6138) and for decision based on the briefs filed in 21-6442.

We review the IJ's decision as modified by the BIA — i.e., without the grounds for denying withholding of removal that the BIA declined to reach. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005). We review factual findings for substantial evidence, and we review questions of law and the application of law to fact de novo. *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We review the denial of a continuance for abuse of discretion. *Flores v. Holder*, 779 F.3d 159, 164 (2d Cir. 2015).

**I.     Withholding of Removal[2]**

To establish eligibility for withholding of removal, Barrios had to show a "clear probability" of persecution based on a protected ground — here his "membership in a particular social group." 8 C.F.R. § 1208.16(b). A cognizable social group must have "a common immutable characteristic," be "defined with particularity," and be "socially distinct within the society in question." *Paloka v.*

---

[2] Barrios does not challenge the IJ's denial of his asylum claim as time-barred. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (quotation marks omitted)).

*Holder*, 762 F.3d 191, 196 (2d Cir. 2014) (quoting *Matter of M–E–V–G–*, 26 I. & N. Dec. 227, 237 (B.I.A. 2014)). Particularity requires that the group be "defined by characteristics that provide a clear benchmark for determining who falls within the group" and that membership not be "amorphous, overbroad, diffuse, or subjective." *Id*. (quoting *M-E-V-G-*, 26 I. & N. Dec. at 239). Social distinction requires that "society as a whole" perceives the proposed "group as socially distinct." *Id.* (quoting *M-E-V-G-*, 26 I. & N. Dec. at 242).

Barrios argues that the agency overlooked a proposed social group related to alcoholism. But as the Government points out, he did not exhaust a claim based on alcoholism before the agency. *See Ud Din v. Garland*, 72 F.4th 411, 419–20 & n.2 (2d Cir. 2023) (issue exhaustion is "mandatory in the sense that a court must enforce the rule if a party properly raises it" (quotation marks omitted)). Barrios's counseled pre-hearing brief to the IJ mentioned alcoholism as a characteristic that would make him more vulnerable to police and criminal abuse in Guatemala, but it did not articulate a particular social group on that basis, and the issue was not pursued at his hearing. And contrary to Barrios's argument here, his general argument to the BIA—that the IJ inadequately analyzed his claim—did not mention alcoholism and thus did not exhaust an argument that the

4

IJ overlooked an alcoholism-related particular social group. *See id.*

The agency did not err in concluding that Barrios's proffered particular social group of people subject to extortion by criminal organizations was not particular or socially distinct, given the country conditions evidence that "[e]xtortion is incredibly common" and affects "all sectors of society," including bus and taxi drivers, small business owners, street vendors, hospitals, government offices, churches, musical groups, schoolchildren, and others. Certified Administrative Record at 375–76; *see Melgar de Torres v. Reno*, 191 F. 3d 307, 313 (2d Cir. 1999) (noting that general crime and violence in a country is not a stated ground for asylum and withholding of removal). Rather than challenging that conclusion, Barrios argues that the agency failed to consider a subgroup suggested by his pre-hearing brief: Guatemalans subject to extortion who fail to pay. That argument is without merit because a withholding applicant "must clearly indicate on the record before the [IJ] what enumerated ground(s) [he] is relying upon in making [his] claim" and "has the burden to clearly indicate the exact delineation of any particular social group(s) to which [he] claims to belong." *Matter of W-Y-C- & H-O-B-*, 27 I. & N. Dec. 189, 191 (B.I.A. 2018) (quotation marks omitted). Barrios, who was represented by counsel, referred to failure to pay extortion as a

5

reason he would be vulnerable to harm in his pre-hearing brief, but he did not articulate a group including this characteristic in the brief or at his hearing.

The agency also did not err in concluding that Barrios's proposed particular social group of people returning to Guatemala from the United States was not cognizable. Barrios contends that the agency erroneously relied on *Matter of W-G-R-*, 26 I. & N. Dec. 208 (B.I.A. 2014), to evaluate his particular social groups, citing out-of-circuit precedent for the proposition that *Matter of W-G-R* improperly included factors relevant to social distinction in its definition of particularity, and that a group may be defined with particularity even if its members are diverse in terms of other characteristics. *See Amaya v. Rosen*, 986 F.3d 424, 432–34 (4th Cir. 2021). We have recognized, however, that there is "considerable overlap" between the particularity and social distinction standards, explaining that particularity turns on whether members of the society in question generally agree on who is included. *Ordonez Azmen v. Barr*, 965 F.3d 128, 134–35 (2d Cir. 2020) (quoting *Matter of M–E–V–G–*, 26 I. & N. Dec. at 240). Even assuming that the diversity of the group does not preclude a finding that it is defined with particularity, the agency did not err in concluding that it is not socially distinct. Barrios asserted that people returning from the United States are perceived as

6

potentially lucrative crime victims, and this description of the perceived group undercuts his claim that it is cognizable: "When the harm visited upon members of a group is attributable to the incentives presented to ordinary criminals rather than to persecution, the scales are tipped away from considering those people a 'particular social group' within the meaning of the INA." *Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73 (2d Cir. 2007).

## II. CAT Relief

A CAT applicant has the burden to establish that he will "more likely than not" be tortured "by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity or other person acting in an official capacity." 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1). To establish acquiescence, the applicant must show that "the public official, prior to the activity constituting torture, [will] have awareness of such activity and thereafter breach his or her legal responsibility to intervene to prevent such activity." *Id.* § 1208.18(a)(7); *see Khouzam v. Ashcroft*, 361 F.3d 161, 171 (2d Cir. 2004) ("[T]orture requires only that government officials know of or remain willfully blind to an act and thereafter breach their legal responsibility to prevent it."); *Pierre v. Gonzales*, 502 F.3d 109, 118 (2d Cir. 2007) ("A *private* actor's behavior can constitute torture under the CAT

7

without a government's specific intent to inflict it if a government official is aware of the persecutor's conduct and intent and acquiesces in violation of the official's duty to intervene.").

"The testimony of the applicant, if credible, may be sufficient to sustain the burden of proof without corroboration." 8 C.F.R. § 1208.16(c)(2). But in addition to credibility, the agency must determine whether the testimony "is persuasive, and refers to specific facts sufficient to demonstrate that the applicant has satisfied the applicant's burden of proof." 8 U.S.C. § 1229a(c)(4)(B). "[I]n some cases . . . an applicant may be generally credible but his testimony may not be sufficient to carry the burden of persuading the fact finder of the accuracy of his claim of crucial facts if he fails to put forth corroboration that should be readily available." *Wei Sun v. Sessions*, 883 F.3d 23, 28 (2d Cir. 2018); *see also Pinel-Gomez v. Garland*, 52 F.4th 523, 529–30 (2d Cir. 2022) (explaining that the agency may find testimony credible but "still decide that the testimony falls short of satisfying the applicant's burden of proof, either because it is unpersuasive or because it d[oes] not include specific facts sufficient to demonstrate that the applicant is" eligible for relief from removal (quotation marks omitted)). "Where the [IJ] determines that the applicant should provide evidence which corroborates otherwise credible

testimony, such evidence must be provided unless the applicant demonstrates that the applicant does not have the evidence and cannot reasonably obtain the evidence." 8 U.S.C. § 1229a(c)(4)(B). Before denying a claim solely based on a lack of corroboration, the IJ must "(1) point to specific pieces of missing evidence and show that it was reasonably available, (2) give the applicant an opportunity to explain the omission, and (3) assess any explanation given." *Wei Sun*, 883 F.3d at 31.

With these principles in mind, we conclude that the agency did not err in determining that Barrios failed to present sufficient evidence to meet his burden of proof as to his claim that extortionists threatened to kill him in Guatemala, and then continued to threaten to kill him and his family if he did not make payments from the United States. Barrios submitted a supporting letter that contradicted his testimony about the first incident with the extortionists, thereby calling the reliability of his testimony into question. And significant aspects of his claim were not corroborated—that he received threats from extortionists after coming to the United States, and that his mother used the money he sent to pay extortion. The record does not compel the conclusion that such evidence was unavailable. Barrios alleged that he received written threats, and he never claimed that they

9

were no longer accessible to him; and while he did not have a legible letter from his mother, he never claimed that he could not have obtained one. Barrios responds that he had insufficient time to obtain corroboration and that the agency failed to develop the record as to why corroboration was lacking. But the absence of letters from his family and copies of threatening messages was raised in his hearing, so he had an opportunity to respond, and he never requested additional time to submit corroboration.

In addition, substantial evidence supports the agency's conclusion that Barrios is not more likely than not to be tortured by or with the acquiescence of a public official. Barrios gave only vague information about the extortionists' identities, and he did not allege that they had connections to a particular gang or to a public official. Without evidence of such connections, the record does not compel the conclusion that his abusers are more likely than not to learn of his return to Guatemala, locate him, and torture him. *See Quintanilla-Mejia v. Garland*, 3 F.4th 569, 593–94 (2d Cir. 2021) ("[S]ubstantial evidence review does not contemplate any judicial reweighing of evidence. Rather, it requires us to ask only whether record evidence compelled a[] . . . finding different from that reached by the agency."). And while Barrios testified that the police did not follow up on

his mother's 2005 report regarding the first two incidents with the extortionists, that fact does not compel the conclusion that the police would acquiesce to his torture, particularly as Barrios left Guatemala shortly thereafter, and there is no information about whether his mother returned to the police to request protection. The country conditions evidence shows that extortion and related violence are widespread and that many police officers are involved in criminal acts. But it also shows that the government has taken steps to curb criminal violence, and thus does not alone establish that Barrios is more likely than not to be singled out for torture. *See Mu Xiang Lin v. U.S. Dep't of Just.*, 432 F.3d 156, 160 (2d Cir. 2005) (requiring "particularized evidence" beyond general country conditions to support a CAT claim); *cf. Quintanilla-Mejia*, 3 F.4th at 593–94 (finding that the record did not compel the conclusion that the Salvadoran government would acquiesce to gang torture where the petitioner had not reported prior gang assaults to the government, and country conditions evidence showed that gang violence persisted—including instances of involving police misconduct—but also that the government was taking steps to combat gang violence).[3]

---

[3] Because these findings provide substantial evidence for the agency's conclusion that Barrios did not demonstrate likely torture, we do not reach the agency's additional findings regarding a lack of detail in his testimony.

**III.    Continuance**

Finally, the agency did not abuse its discretion in denying a continuance. While an IJ "may grant a motion for continuance for good cause shown," 8 C.F.R. § 1003.29, the movant "bears the burden of establishing good cause," *Matter of L-A-B-R-*, 27 I. & N. Dec. 405, 413 (A.G. 2018). Barrios asked to adjourn the hearing for two reasons: so that his attorney could appear in person, and to have his written statement translated. But his attorney then agreed both to proceed telephonically and to the translation of the statement by the interpreter. Barrios argues that the IJ should have granted a continuance to allow him to obtain additional corroboration, or that it should have extended the time for such corroboration after his hearing. But he did not request a continuance or extension on those grounds from the IJ. To the contrary, Barrios's attorney stated that there was nothing Barrios wanted to add to the record. In view of that representation, the IJ did not abuse his discretion in failing to grant a continuance or extension. *See Wei Sun*, 883 F.3d at 31 (IJ was not required to grant a continuance where applicant "did not seek a continuance from the IJ despite being asked to explain why the corroboration identified by the IJ was missing").

For the foregoing reasons, Barrios's motions are GRANTED, the petition in 21-6442 is DISMISSED AS MOOT, and the petition in 23-6138 is DENIED. Any remaining motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court